287 N.E.2d 788 (1972)
FIRST NATIONAL BANK OF ELKHART COUNTY, Appellant (Defendant below),
v.
Dwight SMOKER, d/b/a Smoker Farms, Appellee (Plaintiff below).
No. 372A130.
Court of Appeals of Indiana, Third District.
October 5, 1972.
*789 William J. Reinke, Bruce R. Bancroft, Gordon S. Eslick, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, for appellant.
Benton E. Gates, Jr., Benton E. Gates, Gates, Gates & McNagny, Columbia City, Robert J. Hepler, Hartzog, Barker & Hepler, Goshen, for appellee.

ON PETITION FOR REHEARING
SHARP, Judge.
We deny rehearing on the above case but deem it advisable to address ourselves to several of the arguments raised by the Petitioner-Appellee, Dwight Smoker.
Smoker strenuously advances the argument that this court has given an overly broad interpretation to I.C. 1971, XX-X-X-XXX, Ind. Ann. Stat. § 19-2-401 (Burns 1964), and thereby unduly restricted the application of other sections of the Uniform Commercial Code. The contention centers on the proper construction to be given that portion of the introductory paragraph of § 19-2-401 which, in part, states that "insofar as situations are not covered by other provisions of this Article [Chapter]" § 19-2-401 applies. Smoker contends that since the sections on custom and usage in the trade and the course of dealings between the parties are relevant and applicable to the present situation, said sections must be considered and they prevent the application of § 19-2-401.
The fallacy in the above line of reasoning is that the above-quoted portion of a sentence from the introductory paragraph to § 19-2-401 refers to and is limited by both the preceding sentence of said paragraph and by the second portion of the same sentence. The introductory paragraph reads in its entirety as follows:
"Each provision of this Article [Chapter] with regard to the rights, obligations and remedies of the seller, the buyer, purchasers or other third parties applies irrespective of title to the goods except where the provision refers to such title. Insofar as situations are not covered by the other provisions of this Article [Chapter] and matters concerning title become material the following rules apply:"
The rules enumerated in the remaining provisions of § 19-2-401 are to govern all situations in which title becomes material and where other provisions of the chapter do not specifically cover the situation and do not refer to such title. The provisions of the chapter dealing with custom and usage in the trade and the course of dealings between the parties do not specifically refer to title and so cannot be construed as covering such situations when title becomes material. It therefore becomes necessary to examine § 19-2-401 to determine the applicable rule for the specific situation which was done in the previous opinion.
Smoker next tries to argue that I.C. 1971, XX-X-X-XXX, Ind. Ann. Stat. § 19-1-102 provides that the effect of the provisions of the Act may be varied by agreement. Once again, however, said section contains several important qualifications, one of which is that the provisions may be varied only when it is not otherwise expressly provided in the Act. It is expressly provided in § 19-2-401 that any agreement concerning the passage of title *790 is subject to the provisions of § 19-2-401(1) and the provisions of the Article [Chapter] on Secured Transactions. Thus any agreement concerning the passage of title, whether oral or written, is subject to the provision in § 19-2-401 limiting retention of title by the seller in goods delivered to the buyer to a reservation of a security interest.
Finally Smoker contends that our initial decision imposes serious limitations on well-established and customary commercial transactions in this area. In his Brief in Support of Rehearing, Smoker urges that the method of financing used by cattle producers is seriously endangered and states:
"Where, as in this case the producer operates on borrowed capital secured by a lien on the cattle, which liens are paid as the cattle are sold, the ultimate result of the Court's decision is that this method of financing will no longer be available, since it would be practically impossible for the institution financing the producer to protect itself.
Smoker's argument might have some validity if it were not for I.C. 1971, XX-X-X-XXX, Ind. Ann. Stat. § 19-9-307(1) (Burns 1964), which reads as follows:
"A buyer in ordinary course of business (subsection (9) of section [19] 1-201) other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."
For a comprehensive examination of the above section and its ramifications for secured creditors financing a farmer, see Hawland, Financing the Farmer, 76 Com. L.J. 416 (1971). Other articles concerning this provision are Farm Financing Under the Uniform Commercial Code, 44 N.D. Law Rev. 553 (1969); Farm Secured Transactions Under the UCC, 23 Bus.Law J. 195 (1967); and Sorelle, "Farm Products" Under the UCC  Is a Special Classification Desirable ?, 47 Texas Law Rev. 309 (1969).
Smoker, as a seller of goods, is placed in the same position as any other seller. Chapter 2 of the Code does not make any differentiations based on the type of industry in which a seller is engaged. Chapter 9, however, does make a distinction in regard to financing farming operations by providing that a security interest in farm products created by the farmer are not destroyed when the products are purchased by a buyer. This provision, § 19-9-307, was created to help the farmer obtain the necessary financing and our opinion in no way negates the operation of said provision.
In addition to § 19-9-307, Smoker had all the protective devices afforded by Chapter 9 if he wished to avail himself of them. Furthermore, he had the remedies of a seller afforded by Chapter 2, specifically I.C. 1971, XX-X-X-XXX, Ind. Ann. Stat. § 19-2-702 (Burns 1964), which provides for reclamation of the goods upon insolvency of the buyer.
Smoker, in the instant case, did not avail himself of any of the protective devices or remedies provided by the Code, but rather relied upon the common law action of conversion, which as was pointed out in the earlier opinion, Ind. App., 286 N.E.2d 203, is not available under the facts of this case.
The Petition for Rehearing should be and hereby is denied.
STATON, J., concurs.
LYBROOK, J. (by designation), concurs.