ASSOCIATED MILK PRODUCERS,
INC., Petitioner,

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.

No. 34T05–8610–TA–00024.

Tax Court of Indiana.

Aug. 5, 1987.

Jerry Angel, Lacey, O'Mahoney Mahoney, Angel Jessup & Hilligoss, Kokomo, George M. St. Peter, John A. St. Peter, St. Peter Law Offices, Fond Du Lac, Wis., for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF THE CASE

This is an appeal from the final determination of the Indiana Department of State Revenue (Department), wherein the Department assessed gross income tax against Associated Milk Producers, Inc. (taxpayer) for the years 1979, 1980, and 1981 in the sum of $99,452.99. The taxpayer duly filed a claim for refund and same was denied by the Department. This lawsuit followed.

The Court finds the following to be the facts:

1. The taxpayer is a foreign corporation incorporated in the State of Kansas with its principal place of business in San Antonio, Texas.

2. The taxpayer is a farmer owned cooperative association engaged in receiving, processing, and marketing the milk of its members at a plant located in Warsaw, Indiana. The production of the Warsaw plant includes cheese and cream products, which are sold to various dairy wholesalers and retailers.

3. During calendar years 1979, 1980, and 1981, the taxpayer made cheese and cream products sales to Borden, Inc. (Borden), of Van Wert, Ohio and Plymouth, Wisconsin.

4. All of the cheese and cream products which are the subject of this action were manufactured at the taxpayer's Warsaw plant.

5. For the tax years 1979, 1980, and 1981, the Department levied gross income

tax only upon those cheese products that were delivered to Borden within the State of Indiana.

6. The sales subject to the tax in question were actually delivered to Borden within the State of Indiana.

7. For all of the contested sales between the taxpayer and Borden, the shipping terms between the parties were FOB Warsaw, Indiana.

8. The Department levied a tax against the taxpayer for sales made to Borden in the years 1979, 1980, and 1981, in the total amount of $99,452.99, said sum includes interest up to January 23, 1985.

9. The taxpayer has paid the tax in full and has filed a timely protest with the matter being properly before the Indiana Tax Court.

Additional facts will be stated as required below.

### DISCUSSION AND DECISION

The taxpayer contends that the sales of cheese, out of its Warsaw plant to Borden in Van Wert, Ohio and Plymouth, Wisconsin, were "sales on approval," as that term is used under the Uniform Commercial Code as adopted in Indiana and that these sales were exempt from the gross income tax because title did not pass until acceptance by Borden, which occurred either in Ohio or Wisconsin. Taxpayer further contends that "the contract between [taxpayer] and Borden provides that title to the cheese in question does not pass until after Borden's inspection which takes place [outside Indiana]." Taxpayer's List of Contentions, Witnesses & Exhibits.

The Department contends that the cheese products were actually delivered to Borden in the State of Indiana, and that title to the cheese was transferred to Borden in Indiana. Therefore, the sales were local transactions and gross income tax was properly levied by the Department.

The issue to be decided is whether these transactions constituted "sales on approv-

al" or whether title otherwise passed outside the state of Indiana and the transactions were thus exempt from taxation under the commerce clause.

IND.CODE 6-2.1-3-3 (1982) provides:

Gross income derived from business conducted in commerce between the state of Indiana and either another state or a foreign country is exempt from gross income tax to the extent the state of Indiana is prohibited from taxing that gross income by the United States Constitution.

■ The commerce clause, U.S. CONST. art. I, § 8, cl. 3,[1] does not prohibit the imposition of tax on proceeds derived from an interstate transaction so long as "a local transaction is made the taxable event and that event is separate and distinct from the transportation or intercourse which is interstate commerce." *International Harvester Co. v. Department of Treasury* (1944), 322 U.S. 340, 346, 64 S.Ct. 1019, 1022, 88 L.Ed. 1313. The commerce clause does not relieve interstate commerce of its fair share of state tax burdens. *Id.; McGoldrick v. Berwind-White Coal Mining Co.* (1940), 309 U.S. 33, 46–49, 60 S.Ct. 388, 392–93, 84 L.Ed. 565. The Department has promulgated regulations to this extent. 45 IAC 1-1-119 states in pertinent part:

Sales of Goods Originating in Indiana to Persons in Other States. As a general rule, income derived from sales made by Indiana sellers to out-of-state buyers is not subject to gross income tax unless the sales are completed in Indiana. Below is a list of some of the more common outshipment situations with an indication of taxability to each:

. . . .

(2) Taxable outshipments.

. . . .

(c) Sales to nonresidents where the buyer picks up the goods within the State but does not inspect them until after transport to an out-of-state destination. See *Gross Income Tax Div. v. Shane States. . . ."*

---

**1.** "The Congress shall have power ... To regulate Commerce ... among the several

*Mfg. Co.,* 244 Ind. 279, 191 N.E.2d 310 (1963), and *International Harvester Co. v. Department of Treasury,* 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313 (1943).[2] The taxpayer argues that *Shane* is not applicable to the facts of this case because the transactions at issue are actually sales on approval. IC 26–1–2–326 provides in part:

(1) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is

(a) a "sale on approval" if the goods are delivered primarily for use; and

(b) a "sale or return" if the goods are delivered primarily for resale.

If these sales were sales on approval, then title would not pass to Borden until acceptance. IC 26–1–2–327(1)(a). Acceptance occurred only after the cheese was inspected and tested by Borden at either the Ohio or the Wisconsin plant.

■ "The party claiming the interstate commerce exemption ... bears the burden of establishing such facts, [and] any doubt should be resolved in favor of the tax." *Reynolds Metals Co. v. Indiana Department of State Revenue* (1982), Ind.App., 433 N.E.2d 1, 8.

■ It is not clear from the evidence whether Borden had the right to return the cheese if it conformed to the contract. Mr. Meister, Borden's area procurement manager, testified that the cheese could be returned if it did not measure up to Borden's standards and that usually negotiations took place with the seller and a price allowance was made if the cheese did not measure up. If no agreement could be reached, the cheese was automatically returned to the seller. Mr. Tillison, executive director of the U.S. Cheese Makers Association, testified that in the industry, the buyer was at liberty to say "I don't want

this product today"; that there was no restriction on the buyer's ability to say that, and that the decision was one completely within the discretion of the buyer. In the affidavit of Mr. Southwell, Borden's vice-president and general manager, he stated that this discretion to reject was based on the product's failure to meet the Borden's standards or on other appropriate grounds. At most, the evidence tended to show that Borden had wide latitude in determining whether the goods were nonconforming. The evidence did not, however, establish the fact that Borden had the absolute right to reject wholly conforming goods. Such a right is the cornerstone of a sale on approval under IC 26–1–2–326(1)(a).

The taxpayer also failed to prove that the cheese was sold to Borden "for use," as is required under IC 26–1–2–326(1)(a). There is little testimony as to what Borden does with the cheese. Mr. Meister, in describing his duties with Borden, said that he "procur[ed] the raw cheese that the Borden company needs in their processing of finished product." Transcript at 18. The taxpayer, in Indiana Department of Revenue Form AD–6, advised the Department that it sells cheese and cream products to dairy wholesalers and retailers. The taxpayer has not met its burden of proof establishing that the cheese was delivered to Borden primarily for use as required by statute.

For the foregoing reasons, the Court finds that the taxpayer has not carried its burden to establish its contention that the transactions were sales on approval.

Since the provisions of IC 26–1–2–326 and IC 26–1–2–327 are not applicable in this case, the Court must look to the provisions of IC 26–1–2–401 to determine when title passed. "Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical

2. Had the taxpayer delivered the cheese to a common carrier at Warsaw, to be shipped at buyer's expense, the transaction would have been exempt under the commerce clause. The Court recognizes that there is an early line of cases, *In re Global Varnish Co.* (7th Cir.1940), 114 F.2d 916, 919, *cert. denied,* 312 U.S. 690, 61 S.Ct. 621, 85 L.Ed. 1126, which do not consider title as determinative as to whether the transaction is exempt from taxation as interstate commerce. *See also Indiana Department of State Revenue v. Hoosier Metal Fabricators, Inc.* (1978), 177 Ind.App. 372, 386 N.E.2d 963, 964–65 n. 1. *International Harvester* and *Shane* nevertheless form the basis for the determination in this case at bar and are controlling.

delivery of goods...." IC 26–1–2–401(2). There is no evidence of an explicit agreement between the taxpayer and Borden that title passed in either Ohio or Wisconsin. The taxpayer attempted to establish the existence of such an agreement based on trade usage and course of dealing, but at best, that would merely constitute an implied agreement and not an explicit agreement. *First National Bank of Elkhart County v. Smoker* (1972), 153 Ind. App. 71, 286 N.E.2d 203, *reh. denied,* 153 Ind.App. 715, 287 N.E.2d 788. The taxpayer has not carried its burden of proof in establishing that the title passed outside of Indiana. The fact that these products were known by the parties to be destined for further delivery outside Indiana does not mean the sale is no longer a local transaction. *Department of Treasury v. Wood Preserving Corp.* (1941), 313 U.S. 62, 61 S.Ct. 885, 85 L.Ed. 1188. The U.S. Supreme Court has stated that the "consummation of the transaction [is] an event within the borders of Indiana which [gives] it authority to levy the tax on the gross receipts from the sales." *International Harvestor,* 322 U.S. at 348, 64 S.Ct. at 1023.

The case at bar is indistinguishable from the *Shane* case.

> The physical and actual delivery of the goods occurred at the *Shane* Manufacturing Company's plant in Indiana when the products were turned over to Sears' trucks. The fact that the products were then taken by the purchaser to retail store outlets outside of Indiana creates a situation similar to the one where the Wood Preserving Company delivered ties to the B & O in Indiana, which the railroad then carried outside the State.
>
> The mere fact that Sears, Roebuck & Company did not see fit to inspect the products at the time of the delivery, but rather waited until they reached a retail store, does not alter the fact that title was transferred at the time of delivery in Evansville. The inspection was merely a condition subsequent. If the merchandise were found faulty, the sales transaction could be rescinded.

*Shane,* 191 N.E.2d at 310.

In the case at bar, the physical and actual delivery of the goods occurred at the taxpayer's plant in Indiana when the cheese was turned over to Borden's trucks. Under IC 26–1–2–401(2), title likewise was transferred at the time of delivery. The product was then taken by the purchaser to locations outside Indiana where Borden then inspected and tested the product. If the product did not measure up to the test, the transaction could be rescinded. The Court finds that the consummation of this transaction was an event within the borders of Indiana.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the taxpayer take nothing by its Petition. Judgment entered for the Department.