[Cite as *In re Adoption of M.B.*, 2020-Ohio-4940.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

In re Adoption of M.B.

Court of Appeals No.   WM-20-004

Trial Court No.  20205002

**DECISION AND JUDGMENT**

Decided:  October 16, 2020

* * * * *

A.D., pro se.

M.P., pro se.

Jennifer N. Brown, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this expedited appeal, appellants, M.P. and A.D., appeal the judgment of the Williams County Probate Court, finding that their consent is not required in the adoption of minor child M.B.  For the reasons that follow, we affirm, in part, and reverse, in part.

## I. Facts and Procedural Background

{¶ 2} On July 22, 2012, child M.B. was born to mother A.D. In 2014, a complaint alleging that M.B. was a neglected and dependent child was filed in the Hancock County Court of Common Pleas, Juvenile Division. On July 31, 2014, upon the consent of all parties, M.B. was ordered to be placed in the legal custody of appellees, Me.B. and K.B., the maternal step-aunt and uncle. Appellees petitioned for adoption of M.B. on April 1, 2020.

{¶ 3} Following the adoption petition, the probate court held a hearing on the issue of whether A.D. and M.P.'s consent was required. A limited transcript of that hearing was provided as the record before us, and it reveals the following facts.

{¶ 4} On November 13, 2014, the Williams County Court of Common Pleas, Juvenile Division, adopted an administrative child support order obligating A.D. to pay $240.84 per month. In the year prior to the adoption petition, A.D. paid $120.57 on June 20, 2019, $120.57 on July 5, 2019, and $60.29 on January 6, 2020. The most recent payment before June 20, 2019, was on November 15, 2018, in the amount of $66.15.

{¶ 5} Kimberly Hollin of the Williams County Child Support Enforcement Agency testified that on April 2, 2019, the agency filed a motion for contempt for A.D.'s failure to pay child support, based in part upon the fact that the agency received multiple new hire notifications, but A.D. never reported her new employer to the agency, and by the time the agency sent wage withholding notices, A.D. had moved on to a new job. A.D. also failed to respond to enforcement letters sent from the agency. Hollin testified

2.

that the contempt motion was dismissed on April 23, 2019, because A.D. had been incarcerated from December 2018, and was not scheduled to be released until June 1, 2019. On March 23, 2020, at the request of appellees, A.D.'s child support order was terminated effective February 10, 2020, and the amount in arrears, $7,167.27, was waived.

{¶ 6} As to M.P., on September 17, 2019, the Williams County Court of Common Pleas, Juvenile Division, entered a judgment adopting an administrative order that determined through genetic testing that M.P. was the father of M.B. M.P. indicated that he believed that he may have been the father of M.B. as early as 2018, but because he was incarcerated, genetic testing was not completed until June 2019. Also on September 17, 2019, the Williams County Court of Common Pleas, Juvenile Division, entered a judgment adopting an administrative child support order obligating M.P. to pay $133.51 per month. M.P. never made any child support payments. On March 23, 2020, at the request of appellees, M.P.'s child support order was terminated effective February 10, 2020, and the amount in arrears, $613.60, was waived.

{¶ 7} After the hearing, on May 20, 2020, the probate court entered two judgments finding that consent for the adoption was not required from A.D. and M.P., respectively, because they have "failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."

3.

## II. Assignments of Error

{¶ 8} Appellants A.D. and M.P. have appealed the probate court's May 20, 2020 judgments. A.D. and M.P. have filed separate appellate briefs, but have presented the same assignment of error:

A.D.'s assignment of error: The trial court erred in finding the biological "mother", [A.D.], consent for adoption is not required because she failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition as under R.C. 3107.07(A).

M.P.'s assignment of error: The trial court erred in finding the biological father's [M.P.] consent for adoption is not required because he failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition as under R.C. 3107.07(A).

## III. Analysis

{¶ 9} R.C. 3107.07(A) provides that consent to adoption is not required from,

[a] parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to

provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 10} Review of the probate court's decision finding that parental consent was not required is a two-step analysis. *In re Adoption of A.C.B.*, 159 Ohio St.3d 256, 2020-Ohio-629, 150 N.E.3d 82, ¶ 16-17.

{¶ 11} First, the probate court must assess whether the parent has failed to provide support as required by law or judicial decree for a period of at least one year preceding the filing of the adoption petition. *Id.* at ¶ 16. "[A]n appellate court applies an abuse-of-discretion standard when reviewing a probate court decision regarding whether a financial contribution from a parent constitutes maintenance and support for purposes of R.C. 3107.07(A)." *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 25.

{¶ 12} The second step "requires that the adoptive parent prove by clear and convincing evidence that the parent's failure to provide maintenance and support as required by law or judicial decree was without justifiable cause." *In re Adoption of A.C.B.* at ¶ 17. "[T]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such

5.

determination is against the manifest weight of the evidence." *In re Adoption of M.B.* at ¶ 24, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140 (1986), paragraph two of the syllabus.

{¶ 13} For ease of discussion, we will address appellants' arguments separately.

## A. Appeal of Mother, A.D.

{¶ 14} In support of her appeal, A.D. first argues that the probate court abused its discretion when it found that she failed to provide for the maintenance and support of M.B. as required by law or judicial decree for a period of at least one year immediately preceding the adoption decision. A.D. argues that she provided maintenance and support to M.B. by the three partial child support payments that were made in the year preceding the adoption petition. Furthermore, A.D. argues that as of February 10, 2020, she was no longer obligated to make child support payments, and thus did not fail to provide maintenance and support as required by law. In *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28, ¶ 43, the Ohio Supreme Court held, "pursuant to R.C. 3107.07(A), a parent's nonsupport of his or her minor child pursuant to a zero-support order of a court of competent jurisdiction does not extinguish the requirement of that parent's consent to the adoption of the child."[1]

---

[1] In this case, A.D. was not under a "zero-support order," but rather her child support obligations were terminated altogether. Nonetheless, *In re Adoption of B.I.* specifically recognizes that for purposes of its holding, "The term 'no-support order' encompasses * * * orders terminating previously ordered support, zero-support orders, and orders modifying a previously ordered support amount to zero." *Id.* at ¶ 16, fn. 1.

6.

{¶ 15} However, the Ohio Supreme Court has made it clear that the probate court has discretion in determining whether the support provided satisfies the requirement to "provide for the maintenance and support of the minor." *In re Adoption of M.B.* at ¶ 25; R.C. 3107.07(A). An abuse of that discretion connotes that the probate court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} Here, of the twelve months preceding the adoption petition, A.D. was in: full compliance for two of the months—February and March 2020—during which she had no child support obligation; partial compliance for three months—June and July 2019, and January 2020—where she paid half of her child support obligation in two of the months and one-quarter of her child support obligation in the third month; and total non-compliance for the remaining seven months. All told, during the one-year period, A.D. was obligated to pay $2,408.40 in child support payments, but paid only $301.43. Additionally, A.D.'s total arrearage reached $7,167.27 before it was waived by appellees. Based upon this record, we cannot say that the probate court abused its discretion in finding that A.D. failed to provide maintenance and support for M.B. *See In re Adoption of A.C.B.* at ¶ 19 (father's one child support payment of $200, which was less than five percent of his annual obligation, did not constitute maintenance and support).

{¶ 17} Alternatively, A.D. argues that she had justifiable cause for her failure to provide maintenance and support because she was incarcerated in April and May 2019.[2] As noted above, we review the probate court's determination of justifiable cause under a manifest weight standard. When applying such a standard, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 18} Upon review, we find that the probate court did not clearly lose its way and create a manifest miscarriage of justice. Although A.D.'s incarceration during the months of April and May 2019 potentially may have provided justifiable cause for not meeting her support obligation, "[t]he court shall determine whether the parent's failure to support the child *for that period as a whole* (and not just a portion thereof) was without justifiable cause." (Emphasis sic.) *In re Adoption of Bovett*, 33 Ohio St.3d 102, 512 N.E.2d 919 (1987), paragraph three of the syllabus. From the record before us, A.D. provided no other justification for why she failed to meet her child support obligation for the remaining months that she was not incarcerated. Moreover, Hollin testified that A.D.

---

[2] A.D. also argues that she was incarcerated from March to July 2020. However, A.D. was not obligated to make child support payments in March 2020, thus she did not fail to provide maintenance and support that month.

8.

avoided her obligation by failing to report when she gained employment and by not responding to the child support enforcement letters. Therefore, we hold that the probate court's determination that A.D. failed without justifiable cause to provide for the maintenance and support of M.B. is not against the manifest weight of the evidence.

{¶ 19} Accordingly, A.D.'s assignment of error is not well-taken.

## B. Appeal of Father, M.P.

{¶ 20} Turning to M.P.'s appeal, M.P. argues that the one-year requirement in R.C. 3107.07(A) has not been satisfied. We agree.

{¶ 21} "[T]he one-year period of nonsupport prescribed by R.C. 3107.07(A) which obviates the requirement to obtain parental consent to an adoption pursuant to R.C. 3107.06 commences on the date that parentage has been judicially established." *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 132, 585 N.E.2d 418 (1992). "The one-year period of nonsupport presumes that a duty of support existed at the time the period began to run. Reliance upon the exception to the consent requirement contained in R.C. 3107.07(A) necessitates that the party so doing initiate the action required to render the exception applicable." *Id.* at 131-132. Here, although there was testimony that M.P. thought he may have been the father as early as 2018, parentage was not judicially established until September 17, 2019, which was only a little more than six months before the adoption petition was filed. Therefore, we hold that appellees did not establish by clear and convincing evidence that M.P. failed to provide maintenance and support for M.B. for a period of one year immediately preceding the adoption petition, and the

9.

probate court's finding to the contrary is unreasonable and constitutes an abuse of discretion.

{¶ 22} Accordingly, M.P.'s assignment of error is well-taken.

### IV. Conclusion

{¶ 23} For the foregoing reasons, we find that substantial justice has not been done the parties complaining, and the judgments of the Williams County Probate Court are affirmed, in part, and reversed, in part.  Specifically, the probate court's judgment finding that A.D.'s consent is not required for the adoption of M.B. is affirmed.  The probate court's judgment finding that M.P.'s consent is not required for the adoption of M.B. is reversed and vacated.  This matter is remanded to the probate court for further proceedings consistent with this decision.  A.D. and appellees are ordered to share the costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed, in part
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.