## In the Matter of Adoption of Dues
*[Cite as 7 AOA 51]*

*Case No. 12112*
*Montgomery County, (2nd)*
*Decided September 21, 1990*

*H. Donald Hawkins, P.O. Box 955 (Mid-City), Dayton, Ohio 45402, for Appellee.*

*Jeffery P. Baker, 6233 N. Main Street, Dayton, Ohio 45415, for Appellant.*

BROGAN, J.

Appellant Suwanna Taylor-Dues appeals from a judgment entry of the Montgomery County Probate Court which concluded that her consent was not required for the adoption of her natural son by the child's stepfather. Suwanna asserts three assignments of error, claiming that the burden of proof was misplaced, that the trial court erred by failing to find justifiable cause for nonsupport, and that the trial court erred in failing to find that her delivery of clothing and a toy to her son constituted maintenance and support.

The petitioner-appellee, Genese Ann Dues, and Douglas Jon Dues were married in 1988. On August 9, 1989 Genese filed an adoption petition to adopt her husband's son from a former marriage. That former marriage between Douglas Dues and Suwanna, the non-custodial natural mother, had been dissolved in November, 1984.

In her petition, Genese alleged that Suwanna's consent to adopt was not required because Suwanna failed, without justifiable cause, to communicate with her son Kevin Sean Dues, and failed to provide for the maintenance and support of her son as required by law or judicial decree for a period of at least one year preceding the filing of the petition.

After an objection to the petition was filed, the consent issue was heard on October 18, 1989 and concluded at a second hearing on December 6, 1989. At the conclusion of that hearing, the trial judge announced, in a decision issued on January 25, 1990, that Suwanna did visit and have sufficient contact with her son, Kevin, so as to require her consent for adoption on the issue of communication. However, the trial court found that Suwanna's consent was not required for the adoption because she had failed without justifiable cause, to provide support for her son. Suwanna now appeals this decision.

For her first assignment of error, Suwanna contends that:

"THE COURT'S DECISION AND JUDG-MENT ERRED IN PLACING THE BURDEN OF PROOF ON APPELLANT TO SHOW FORGIVENESS OF THE OBLIGATION TO SUPPORT THE MINOR CHILD AND BY NOT HOLDING APPELLEE TO HER BURDEN OF PROOF."

We agree.

The Ohio Supreme Court has held that "the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period and also that the failure was without justifiable cause," *In Re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 166. In making that ruling, the majority explained that:

"[l]est one may think we are placing an unfair burden on the adopting parent, it should be pointed out that the adopting parent has no legal duty to prove a negative. If the natural parent does not appear or go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard." *Id.* at 167.

In a later opinion, the Ohio Supreme Court clarified the placement of the burden of proof set forth in *Masa*. In *In Re adoption of Bovett* (1987), 33 Ohio St. 3d 102, 104, the court stated that:

"*** a natural parent may not simply remain mute while the petitioner is forced to demonstrate why the parent's failure to provide support is unjustifiable. Rather, once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the *burden of going forward with the evidence* is on the natural parent to show some facially justifiable cause for such failure. The *burden of proof*, however, remains with the petitioner."

At the time of the parties' divorce the appellant was ordered to pay twenty dollars a week as support for the parties minor child. Appellant testified that her former husband, Douglas Dues, told her at that time she wouldn't have to assist in the support of the child until she could afford the twenty dollar support obligation. She testified she was working as a waitress at the time of the divorce. (Tr. 39).

Appellant stated she asked her former husband on a number of occasions over the next four years whether he needed the court ordered child support. She stated the following at page 41 of the record:

"A. He said, 'No, I do not want you to pay child support unless you can really afford it.' 'Well, I can do it.' He said, 'Well, if you can't that will be fine, but it's not required of you. You don't have to pay it.'

"Q. Did he ever tell you that he didn't want your child support money?

"A. He told me I didn't have to pay.

"Q. Okay. Now during this time period you seen him fairly regularly. Can you tell me if he knew where you were working at that time, to your knowledge?

"A. Yes. I always told him where I was working."

Appellant testified that her former husband told her as late as 1988 he didn't want her child support. (Tr. 49). On cross-examination appellant admitted she never actually offered money to her former husband for child support and he never refused child support she was willing to pay. (Tr. 51).

The trial court made the following findings:

"The Petition further alleged that [Suwanna] failed to provide maintenance and support as required by law, and on this issue the Court

heard testimony to the fact that the natural father advised the natural mother that she did not have to make support payments, and upon testimony from the natural father, that this assertion was not made.

"*The Court finds that the burden to prove a forgiveness to make the required payments is upon the natural mother, and from the testimony presented, the Court finds that no degree of any burden of proof was established. especially clear and convincing evidence.*" (Emphasis added).

It is apparent that the probate court misapplied the burden of proof when it required the appellant to *prove* that her failure to support was justifiable. The burden of proof was upon the petitioner to prove that Suwanna Taylor's failure to provide support was unjustifiable after she went *forward* with some evidence of justification.

We will not substitute our judgment for that of the probate court on the state of the evidence. The probate court should therefore reconsider the record in light of *In re Adoption of Bovett* (1987), 33 Ohio St. 3d 102. The first assignment of error is Sustained.

Since the trial court reviewed the evidence with an incorrect perspective, it is premature for us to determine whether the court's findings were against the manifest weight of the evidence. The second and third assignments are overruled.

The judgment will be Reversed and Remanded for further proceedings consistent with this opinion.

WOLFF, P.J., and GRADY, J., concur.