OPINION
{¶ 1} John P. Baker appeals from a judgment of the Greene County Court of Common Pleas, Probate Division, which granted a petition by David E. Rosengarten to adopt Baker's biological children. Rosengarten is the husband of the children's mother.
 {¶ 2} David Rosengarten filed a petition to adopt his step-children, R.T.R. and 2 C.K.R., on August 17, 2005. The children were eight and six years old at that time and were living with Rosengarten. Baker opposed the petition. On April 10, 2006, the trial court conducted a hearing to determine whether Baker's consent to the adoption was required and whether adoption was in the children's best interest. On April 12, 2006, the trial court concluded that Baker's consent was unnecessary because he had failed to support the children without justifiable cause. It also found that the adoption was in the children's best interest and granted Rosengarten's petition for adoption.
 {¶ 3} Baker appeals from the trial court's judgment, raising two assignments of error which are interrelated. These assignments challenge the allocation of the burden of proof and the finding that his consent was not required.
 {¶ 4} The court based its conclusion on R.C. 3107.07(A), which provides that consent to adoption of a minor is not required if the court finds "that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *." In its conclusions of law, the trial court concluded that Baker had failed to support his children for more than a year without justifiable cause. Its findings of fact also seem to support a finding that Baker had failed to communicate with the children for the preceding year, but the court did not expressly rely on this factor in granting the petition.
 {¶ 5} Baker contends that the trial court erroneously placed the burden of proof on him to show justification for the alleged lack of support when, in fact, Rosengarten bore the burden of showing a lack of justification. Baker correctly asserts that the party petitioning for adoption has the burden of proving, by clear and convincing evidence, 3 that the parent failed to support the child during the requisite one-year period and that there was no justifiable cause for the failure to support. In re Adoption of Masa (1986), 23 Ohio St.3d 163, 166,492 N.E.2d 140.
 {¶ 6} With respect to child support, a representative of the child support enforcement agency testified that Baker had last paid child support in August 2004 and that his arrearage by the time of the hearing in April 2006 was over $14,000. Baker did not deny these facts. He testified that he had ruptured discs and knee problems that caused him pain and made it impossible for him to work at his construction job. Rosengarten did not present any evidence regarding Baker's ability to work, and Baker did not discuss his ability to obtain other employment while he was injured. In January 2006, Baker went to prison for a five year term.
 {¶ 7} Baker argues that the trial court improperly placed the burden of proof on him to show justification for non-support, when the burden should have been on Rosengarten to demonstrate a lack of justification. This argument has merit. Rosengarten did not present any evidence regarding Baker's ability to work, nor did he refute Baker's claims that his injuries had prevented him from working at his construction job. Thus, we cannot say that Rosengarten satisfied his burden of proof on the issue of whether Baker's failure to pay had been without justification. See In re Adoption of Dues (1990), 69 Ohio App.3d 498,500, 591 N.E.2d 257, wherein — following Masa — we held that, after the biological parent came forward with some evidence justifying failure to provide support, the petitioner to adopt had the burden of proof to show that failure to support was unjustifiable. See, also, In re Adoption ofTaylor (June 28, 1991), Montgomery App. No. 12609, to the same effect. 4
 {¶ 8} As we mentioned above, R.C. 3107.07(A) provides an alternate basis upon which the parent's consent is not required: failure to communicate with the child for more than one year without justification. The trial court heard evidence on this issue at the hearing, and the evidence was conflicting. According to Rebecca and David Rosengarten, Baker had made no attempt to visit or communicate with the children in any way since September 2004, despite knowing where to reach them. On the other hand, Baker testified that every time he tried to see the children, they had either left their house or not come to the designated meeting location. He also claimed to have sent letters and birthday cards and expressed his belief that the children's mother had destroyed them. Baker further testified that David Rosengarten had threatened him with guns and chased him down the road with a gun when he tried to visit the children, while taunting Baker that he was going to take his children just as he had taken his girlfriend (the children's mother). Rosengarten denied these claims.
 {¶ 9} In its findings of fact, the trial court stated that "Baker ha[d] sent no money, presents, cards, or any type of communication to his children since September, 2004." This finding appears to have rejected Baker's version of events with respect to his attempt at communication with the children, but it did not specifically address the lack of justification required by R.C. 3107.07(A). Although it appears that the record might support a finding that Baker was unjustified in his failure to communicate with his children, the trial court did not make such a finding. Such a finding, if appropriate, would provide an alternate basis for concluding that Baker's consent to the adoption was unnecessary.
 {¶ 10} Because some of the pertinent issues were not resolved in the court's 5 judgment, we will remand this matter to the trial court. On remand, the court may make the required findings in support of its decision to grant the petition for adoption or, if appropriate, it may reconsider its decision. The trial court is not required to hold any additional hearing with respect to this matter, but it may do so.
 {¶ 11} Baker's assignments of error are sustained.
 {¶ 12} The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion
 . . . .
BROGAN, J. and DONOVAN, J., concur.