OPINION
Appellant Derek Lee Williams is appealing the decision of the Muskingum County Court of Common Pleas, Probate Division, that denied his petition for adoption of Sara Marie Valentine, born June 11, 1992. The facts giving rise to this appeal are as follows.
Appellant Williams is the husband of the minor child's biological mother, Cindy Williams. Appellee Gregory Thomas and Cindy Williams ended their relationship prior to the birth of their daughter. However, two weeks after the child's birth, Appellee Thomas contacted Mrs. Williams and asked to see the child. For the next year, appellee visited with the child between two to three times per week for approximately one and one-half to two and one-half hours. The visits occurred at Mrs. Williams' residence. Appellee filed two actions to establish paternity, however, both were subsequently dismissed. Appellee subsequently filed a third paternity action which was completed. Appellee was determined to be the biological father of Sara Marie Valentine on January 16, 1996.
In late 1992, appellee gave Mrs. Williams $600 which she used to purchase bedroom furniture for the child. Also in 1992, appellee purchased an annuity for the child in the amount of $1,300. During the summer of 1993, appellee moved to Las Vegas. Between the summer of 1993 until June of 1997, appellee visited with the child a couple of times and telephoned once a week. Appellee contends that since the birth of the child, he has offered on several occasions to give Mrs. Williams money to cover expenses for the child. Mrs. Williams refused to accept the money. In December of 1996, appellee offered to pay the child's school tuition which Mrs. Williams refused stating the tuition was already paid.
Appellant Williams filed adoption proceedings on January 23, 1997. In the petition, appellant alleged that consent of Appellee Thomas was not required because he had failed, for a period of one year prior to the filing of the petition, without justifiable cause, to provide maintenance and support for the minor child. The trial court conducted a hearing on the petition on January 31, 1997. The trial court issued its judgment entry on July 11, 1997, finding that appellee's failure to provide maintenance and support of the minor child was due to a justifiable cause and therefore, denied appellant's petition for adoption.
Appellant timely filed his notice of appeal and sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN ITS FINDING THAT APPELLEE HAD "JUSTIFIABLE CAUSE" FOR FAILING TO SUPPORT THE MINOR.
 II. THE TRIAL COURT'S FINDING THAT THE APPELLEE'S FAILURE TO PROVIDE MAINTENANCE AND SUPPORT FOR THE MINOR CHILD WAS JUSTIFIED, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.
 I, II
We will address both of appellant's assignments of error simultaneously as both concern whether appellant had justifiable cause for failing to support his minor child and whether the trial court's determination that appellant had justifiable cause was against the manifest weight of the evidence. Specifically, appellant contends, in his first assignment of error, that the trial court erred when it found justifiable cause for appellee's failure to support his minor daughter. In his second assignment of error, appellant contends the trial court's decision finding appellee's failure to provide support justified was against the manifest weight of the evidence. We disagree with both assignments of error.
The statute at issue is R.C. 3107.07, which provides, in pertinent part:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 (B) The putative father of the minor if either of the following applies:
 (1) The putative father fails to register as the minor's putative father with the putative father registry established under section 3107.062 of the Revised Code not later than thirty days after the minor's birth;
 (2) The court finds, after proper service of notice and hearing, that any of the following are the case:
 (b) The putative father has willfully abandoned or failed to care for and support the minor. * * *
The trial court determined, in its judgment entry, that Cindy Williams' refusal to accept support payments was a justifiable cause for appellee not to pay and therefore, his consent to the adoption of the child was necessary. Judgment Entry, July 11, 1997, at 2. Appellant contends the one-year period began on January 16, 1996, and the only evidence of an attempt to support the minor child was the telephone conversation in December 1996, when appellee offered Mrs. Williams money for the child's tuition, which Mrs. Williams refused.
Appellant also contends the trial court failed to consider R.C. 3107.07(B)(2)(b) which permits adoption, without the biological father's consent, where the putative father has abandoned or failed to care for and support the minor child. Based upon appellant's arguments, it is obvious that the dispute in this matter centers around appellee's support of the minor child.
Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both that the natural parent has failed to support the child for the requisite one year period and that this failure was without justifiable cause. In Re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus.
A probate court's determination will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In Re Adoption of Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus; Bovett at paragraph four of the syllabus. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281.
We find the trial court's decision that appellee had justifiable cause not to financially support the minor child supported by the weight of the evidence. The trial court found that appellee offered to pay the child's tuition in December of 1996, within the one year period prior to the application for adoption, and that Mrs. Williams refused to accept the money stating the tuition had been paid. Tr. at 86-87. In a case similar to the case sub judice, an appellate court held that a father had justifiable cause for failure to support his child within the meaning of R.C. 3107.07(A) as the mother refused to accept offers of financial contributions towards the support of the child. In Re Adoption of Foster (1985), 22 Ohio App.3d 129, paragraph three of the syllabus.
Further, once it was determined that appellee was the biological father of the minor child, a hearing still had to be conducted to determine the amount of support he is to pay and the amount of support that he owes for back support. The trial court did not schedule a hearing on this matter until January 31, 1997, one week after appellant filed his petition for adoption, even though paternity was established on January 16, 1996. Appellant obviously could not make any payments to the Muskingum County Child Support Enforcement Agency during this time period as he did not know the amount owed and the Muskingum County Child Support Enforcement Agency would not accept the money without a court order.
We find the trial court's decision finding appellee had justifiable cause for failing to support his daughter was not against the manifest weight of the evidence.
Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Probate Division, of Muskingum County, Ohio, is affirmed.