IN RE ADOPTION OF MASA.

[Cite as In re Adoption of Masa (1986), 23 Ohio St. 3d 163.]

(No. 84-1359—Decided April 30, 1986.)

*Witten & DeMatteis* and *Debora K. Witten,* for appellant.

*Christine B. Legow* and *Northeast Ohio Legal Serv.,* for appellee.

CELEBREZZE, C.J.  The question before us is whether appellee had justifiable cause for his failure to support his daughter in the year prior to the filing of this adoption petition, given the fact that his sole income during this period was a minimal welfare payment of eighty-three dollars per month. We answer that question in the affirmative.

Our analysis must begin with the recognition that the right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law. *Santosky* v. *Kramer* (1982), 455 U.S. 745, 753; *In re Baby Girl Baxter* (1985), 17 Ohio St. 3d 229, Celebrezze, C.J., concurring at 235. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). For this reason, we have held that "* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re Schoeppner* (1976), 46 Ohio St. 2d 21, 24 [75 O.O.2d 12].

R.C. 3107.07(A)[1] provides that a natural parent's consent to the adoption of his child is not required if the court finds that said parent has failed without justifiable cause either to communicate with the child, or to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year prior to the filing of the petition for adoption. This court construed R.C. 3107.07(A) recently in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361. There we held, at paragraph four of the syllabus, that "[t]he party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the

---

[1] R.C. 3107.07 reads in part as follows:

"Consent to adoption is not required of any of the following:

"(A)  A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. * * *"

In reaching this conclusion, we stated that the petitioners must carry this burden of proof because "[t]he statute is not framed in terms of avoidance, but is drafted to require the petitioner to establish *each* of his allegations, *including * * * lack of justifiable cause.*" (Emphasis added.) *Id.* at 368. Accord *Santosky* v. *Kramer, supra,* at 747-748.[2] This court approved and followed this holding of *Holcomb* in *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 171-172, decided today.

We find the reasoning of *Holcomb* equally applicable to the allegation in the instant case of failure to support without justifiable cause. It would be thoroughly inconsistent for us to alter the burden of proof merely because a failure to support without justifiable cause, rather than a failure to communicate, was alleged in the adoption petition now before this court. We therefore hold that pursuant to R.C. 3107.07(A), the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period and also that the failure was without justifiable cause.

In the matter before us, appellant has demonstrated appellee's complete failure to make any child support payments. Hence, we must decide whether the evidence demonstrates that appellee's failure to support was unjustified.

The question of whether justifiable cause has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 306 [17 O.O.3d 195]. Appellant argues that being on welfare does not of itself establish justifiable cause for failure to support one's child. We cannot accept this blanket contention, for it fails to take into account the factual difference between a parent who is unwilling but able to support and a parent who is willing to support but unable to do so.

---

[2] In *Santosky* v. *Kramer* (1982), 455 U.S. 745, 747-748, the court held that "[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, *due process requires that the State support its allegations* by at least clear and convincing evidence." (Emphasis added.) The burden of proof was clearly placed on the state in *Santosky*. Likewise, R.C. 3107.07(A) places on the petitioner for adoption the burden of proving his allegations of failure to support and lack of justifiable cause. Any change in this burden of proof could offend the Due Process Clause, for whether it is the state or a petitioner, the party bringing the action seeks to terminate fundamental parental rights and such party must support his allegations. For this reason we stated in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 368, that "[n]o burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable."

This court previously focused on this critical distinction in *McDermitt, supra.* There the natural father earned twenty-five thousand dollars in the year preceding the filing of a petition for the adoption of his son. The probate court concluded that the father's failure to make child support payments during this period was without justifiable cause pursuant to R.C. 3107.07(A). This court upheld that decision and emphasized that "* * * [t]he record is replete with the fact that appellant *was financially able* to make support payments, but *yet he failed to do so.*" (Emphasis added.) *Id.* at 306.

Lest one may think we are placing an unfair burden on the adopting parent, it should be pointed out that the adopting parent has no legal duty to prove a negative. If the natural parent does not appear or go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard.

Thus, in accordance with *McDermitt, supra,* ability to pay is a key factor in determining whether there is justifiable cause for failure to support a child. In the instant case, there was no evidence before the trial court that appellee was financially capable of meeting his child support obligation. Indeed, the amount of appellee's court-ordered monthly support payment was greater than the entire amount of his monthly welfare check. This was appellee's sole income from March 1982 through March 1983 because his documented attempts to find employment had not been successful. Further, Michael DiVencenzo, an employee of the local bureau of support enforcement, testified that it was the bureau's policy not to demand *any* support payment from those whose only income was the receipt of welfare benefits. Appellee's testimony indicated that he fully understood that once he found work, he would be responsible for his monthly support obligation and for the arrearages that had built up during his period of nonpayment.

Despite the foregoing evidence, the probate court determined that appellee failed without justifiable cause to support his daughter during the requisite one-year period specified in R.C. 3107.07(A). We must conclude that this judgment was against the manifest weight of the evidence. Appellee did not ignore his child support obligation; he was simply unable to meet it to any meaningful degree.

Bearing in mind that we ought not ask the impossible as a condition of preserving fundamental parental rights, we hold that there was justifiable cause for appellee's failure to support his child as required by the divorce decree. Therefore, pursuant to R.C. 3107.07(A), appellee's consent to the adoption of his daughter Melissa was required. We thus affirm the judgment of the court of appeals in vacating the probate court's order of adoption and remanding this cause for further proceedings.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting.

### I

While I concurred in the opinion of the majority in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, I now conclude that I did so in too much haste. My primary effort in *Holcomb* was to have this court establish that the proof needed in a case involving the adoption of a minor child without the consent of a parent was to be *clear* and *convincing*. Such a standard comports with the requirements of R.C. 2151.35 that parental rights may be terminated if a child is found, by clear and convincing evidence, to be abused, neglected or dependent. However, in rereading *Holcomb* and now reading the majority opinion herein, it is my judgment that we have set and are setting impossible standards: we are reading into the statute that which is not there and we are hopelessly confusing a matter that trial and appellate courts have deemed settled for a long period of time. Thus, in *Holcomb,* I was, in part, in error and I do not hesitate in saying so. Likewise, today's opinion is wrong because it extends an error in *Holcomb,* a case involving failure to communicate, to a case involving failure to provide maintenance and support of one's child. This will create, in my judgment, even further confusion.

Herein, appellant seeks to adopt Melissa Sue, the natural daughter of appellant's wife. Appellee, Melissa Sue's natural father, failed to support, in any way, Melissa Sue during the period from March 30, 1982 through March 30, 1983. Appellee, during this period, was receiving $83 a month in public assistance. This was appellee's sole income.

Appellant sought to adopt Melissa Sue and alleged that appellee's consent was not needed pursuant to R.C. 3107.07(A). R.C. 3107.07(A) reads in part:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is *alleged* in the adoption petition and the *court finds* after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor *or to provide for the maintenance and support of the minor as required by law* or judicial decree for a period of at least *one year* immediately preceding the filing of the adoption petition * * *." (Emphasis added.)

A reading of the statute makes it clear that there are two situations where consent is not needed — failure to communicate or failure to support. The *Holcomb* case involved a failure to communicate and the case now before us involves a failure to support.

### II

The majority's first syllabus paragraph states that "[p]ursuant to R.C.

3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period *and that this failure was without justifiable cause.*" (Emphasis added.) My problems with this syllabus paragraph are twofold. First, R.C. 3107.07(A) does not mandate this holding. In stark contrast, all it requires is that the petitioner *allege* that the natural parent failed to support the child for one year, and that said failure was without justifiable cause. My second problem with the syllabus paragraph is that it requires the petitioner to prove facts that will, many times, be beyond his capacity and opportunity to obtain.

Evid. R. 602 is one of the most fundamental of the Rules of Evidence. It states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. * * *" In most cases, the petitioner will have no personal knowledge of the natural parent's financial status or of his ability to pay child support. Under the rules announced today, the petitioner will be required to obtain this information from the natural parent through the use of extensive prehearing discovery. In cases where the petitioner cannot locate the natural parent, the petition for adoption will automatically fail, even though the natural parent is perfectly capable of providing his child with financial support, and even though there is no just cause for the failure to provide such support. A similar result will occur when the natural parent simply refuses to provide the answers to petitioner's requests for discovery. Although this course of conduct will probably result in a finding that the natural parent is in contempt of court, it will nonetheless defeat the petition for adoption. In short, we have turned what has been a workable procedure into a morass of confusion for both courts and parties. Every contested adoption case now will require extensive discovery and if the information is not available to a petitioner to prove a negative fact, *i.e.*, that the natural parent's acts were without justifiable cause, then the adoption will fail of its own weight.

I am also troubled by the majority's misapplication of *Santosky* v. *Kramer* (1982), 455 U.S. 745. According to the majority, *Santosky* directly supports the proposition that R.C. 3107.07(A) requires "* * * the petitioner to establish each of his allegations, including * * * lack of justifiable cause." In reality, *Santosky* stands for the proposition that, before a state may irrevocably sever the rights of parents concerning their natural children, due process requires that the state support its reasons for severing parental rights by at least clear and convincing evidence. *Santosky* does not require the petitioner to prove any lack of justifiable cause!

Thus, what the majority opinion does in this case — and from now on — is to place upon a prospective adopting parent the burden of going forward with evidence to prove all the elements of his or her case and then place upon the same party the burden of showing that no legitimate affirmative defense of the natural parent exists, a fact or facts that the adop-

ting parent may have no way of knowing or determining. Thus, the natural parent, under the majority's decision, will *never* have to show any reason why he or she did not communicate with or support his or her natural child for the year immediately preceding the filing of the petition for adoption. At best this seems to be a curious result.

### III

I make no comment on paragraph two of the syllabus because on its face it is confusing in that it appears to, in some ways, directly contradict the holding in paragraph one of the syllabus.

### IV

In conclusion, I would hold:

1. Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, that the natural parent has failed to support the child for the requisite one-year period.

2. Pursuant to R.C. 3107.07(A), the petition for adoption must allege that to the best of petitioner's knowledge, the natural parent's failure to support was without justifiable cause.

3. Once the allegation in paragraph two above is made, the natural parent may raise the affirmative defense that he has justifiable cause for failing to provide child support. The natural parent must prove this affirmative defense by a preponderance of the evidence.

I would reverse the judgment of the court of appeals, and since this case is one where the affirmative defense of the natural parent *may* constitute "justifiable cause," I would remand this case to the trial court for further proceedings not inconsistent with the rules enunciated in this dissent.

For all of the foregoing reasons, I respectfully dissent.