OPINION
Ophelia Ramirez, the natural mother of Logan and Derek Cutlip, appeals a judgment of the Court of Common Pleas, Probate Division, of Ashland County, Ohio, which found mother's consent to the children's adoption by their step-mother was not necessary. Mother assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN FINDING THAT THE CONSENT TO THE ADOPTION BY OPHELIA RAMIREZ, NATURAL MOTHER OF THE MINOR CHILDREN, WAS NOT NECESSARY, FOR THE REASON THAT MS. RAMIREZ FAILED TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILDREN FOR AT LEAST ONE YEAR IMMEDIATELY PRECEDING THE FILING OF THE PETITION FOR ADOPTION.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED IN FINDING THAT THE ADOPTION OF THE MINOR CHILDREN BY BRENDA CUTLIP WAS IN THE BEST INTEREST OF THE CUTLIP CHILDREN.
At the time of the hearing, Logan was 12 years old and Derek was 8. Mother and the children's father, Shelby Cutlip, dissolved their marriage in 1995, and the father has been the residential parent continuously from that time. In 1997, Shelby Cutlip married appellee Brenda Cutlip, the petitioner in this case.
 I
In her first assignment of error, mother argues the trial court erred in finding her consent to the adoption was not necessary because she had failed to provide for the maintenance and support of the minor children for at least one year preceding the filing of the petition for adoption.
R.C. 3107.07 (A) provides the natural parent's consent to the adoption is not required if the trial court finds the parent has without justifiable cause failed to communicate with the minor or to provide maintenance and support of the minor as required by law and judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. In the case In Re: Adoption of Bovett (1987),33 Ohio St.2d 102, the Ohio Supreme Court held:
 1. Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. ( In re Adoption of Masa [1986], 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph one of the syllabus, followed.)
 2. Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner.
 3. Under R.C. 3107.07(A), the probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the child for that period as a whole (and not just a portion thereof) was without justifiable cause.
 4. The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. ( In re Adoption of Masa [1986], 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph two of the syllabus, followed.)
Syllabus by the Court.
The trial court filed an extensive opinion, containing a narrative of the evidence presented. The trial court noted case law has construed R.C. 3107 as providing alternative grounds, that is, either the failure to communicate or the failure to provide for the maintenance and support of the child is sufficient to dispense with the parent's consent. The trial court found the original decree of dissolution does not include a child support order for a specific periodic amount, but provided that mother would furnish all necessary clothing, school supplies and school lunches for the children with a monetary value of $1800 annually in lieu of her support obligation. The testimony at trial conflicted over whether mother had complied, but the court found this was not determinative because it was outside the one-year period.
In March of 1997, the Richland Court of Common Pleas ordered mother to pay child support in the amount of $41.00 a week per child plus poundage, and at the time mother was working. Records from the Child Support Enforcement Agency indicated one child support payment was made. The trial court found mother made no child support payments pursuant to or in compliance with the order of the court during the one year immediately preceding the filing of the petitions for adoption. The court further found mother had given nothing by way of child support outside or separate from the child support enforcement agency. Father testified he received no clothing or other in-kind contributions, but mother testified she bought some clothes for the children. The court found there was "some evidence" that any clothing mother bought was kept at her home such that the children had no access to it except when they were visiting their mother.
The trial court found mother had exercised weekly companionship, except when she was absent from the state, until the situation between her and the Cutlip home became too strained. The court noted that during this occasion, particularly in visitation during an extended period of time in the summer, mother and her family provided food and shelter for the children.
The trial court made note of an altercation which occurred between the parties in November of 1996, in which both parties were charged with criminal offenses but the charge against mother was dismissed. Father eventually entered a plea of no contest and was ordered to make restitution. Father did not pay the restitution, apparently because mother did not pursue the matter, although she testified the expenses caused her financial hardship. Mother also testified the altercation caused her to become physically disabled, and thereafter her work history was sporadic. The Richland County Domestic Relations court found mother's physical activity was not impaired, and mother's testimony confirmed this. The court concluded there was no medical evidence of any kind, that mother was unable to work or is limited in her work to any extent. Nevertheless, the trial court found mother obtained services at the Bureau of Vocational Rehabilitation, and the agency is now paying for her to attend school on a full time basis.
R.C. 3107.07 does not define the terms maintenance and support, and the parties agree case law is split regarding how much contribution a natural parent must make towards child support in order to avoid a finding that a parent's consent to the child's adoption is not required. Petitioner for the adoption has the burden of proving by clear and convincing evidence both that the natural parent has failed to support the child for a one year period and that the failure was without justifiable cause, Bovett,supra.
We find the trial court's decision is against the manifest weight of the evidence and was not proven by clear and convincing evidence. The record before us, including the trial court's narrative, indicates mother visited and provided support payments, as well as in-kind maintenance during at least part of the period at issue. Mother's evidence that her physical and mental well being impaired her ability to work was unrebutted, and father's assault must entered into the equation. Finally, it was also unrebutted that mother attending school full time during part of the period, which would obviously impact on her ability to be gainfully employed. Pursuant to the Ohio Supreme Court's directive inBovett, supra, the Probate Court should determine whether the parent's failure to support the child for a period as a whole, not just the portion thereof, was without justification. We find the record does not contain clear and convincing evidence to support the trial court's conclusion.
The first assignment of error is overruled.
 II
Pursuant to R.C. 3107.13, if at the hearing on the petition the court finds the required consent has been obtained, or is not required, and, the adoption is in the best interest of the person sought to be adopted, it may enter a final decree of adoption. If on the other hand, the requirements have not been met, the court shall dismiss the petition of adoption. The court may continue temporary custody in the person who had custody prior to the filing of the petition if it is in the child's best interest.
In light of our disposition of assignment of error I, the issue contained in assignment of error II, whether the adoption is in the children's best interest, is moot. However, upon remand, the trial court must determine whether it is in the best interest of these children that their father continues to be the residential parent.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common, Probate Division, of Ashland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Ashland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.