DECISION
The present appeal was filed by both the birth mother and the potential adoptive parents ("appellants"), of Christopher M. Vest ("the child"). The main issue of this appeal involves the question of whether the consent of the biological father ("appellee") of the child is necessary in order to allow the child to be adopted. The Franklin County Court of Common Pleas, Probate Division, after overruling objections to the magistrate's decision filed by appellants, dismissed the adoption petition after holding that the consent of appellee was necessary before his parental rights could be terminated. Because of the need of confidentiality of the parties involved in the present case, we will not refer to them by name in this decision.[1]
Immediately after the conception of the child, appellee and the birth mother broke off their relationship. Appellee and the birth mother continued to communicate and had some contact before and after the birth of the child, including sexual relations one month after the child's birth. The birth mother received $200 from appellee, but returned $86 to him. Some of this money was to be used for telephone cards so they could communicate while he was in the military service. Appellee testified that the money was also to be used however the birth mother wished. Testimony before the magistrate indicated that the birth mother, a minor at the time of the child's birth, lived with the child's maternal grandmother during the time of her pregnancy. The maternal grandmother did not allow the birth mother to see appellee, forbade appellee from entering her home, and threatened appellee with criminal charges of trespassing if he attempted to visit the birth mother.
In late November 1999, shortly after the child's birth, the birth mother placed the child in the care of Catholic Social Services so he could be placed for adoption. A social worker with Catholic Social Services testified before the magistrate that she was advised appellee "may very well contest the adoption." The social worker also testified that appellee and his father on "all but one occasion * * * informed her they were opposing the adoption and wished to have custody themselves." Appellee was informed by Catholic Social Services that he could not see the child until he was adjudicated a parent through a legal proceeding. Appellee testified before the magistrate that he: (1) attempted to support the child; (2) attempted to pay child support on at least two occasions through Pickaway County Child Support Enforcement Agency; and (3) registered with the putative father registry prior to the birth of the child. A genetic test by the Laboratory Corporation of America concluded that the probability of appellee being the biological father of the child was 99.95 percent.
On February 11, 2000, an application for placement of the child was filed with the trial court by the birth mother. In the application, the birth mother stated that she believed "that at this time in my life it would not be in the child's best interests to be raised by a single parent who would not be able to provide the care a two-parent family could." The birth mother signed a "consent to adoption" form which was filed with the court. On March 13, 2000, the birth mother filed a motion requesting the court:
 [T]o make a determination that the consent to the adoption by [appellee] is not required pursuant to Ohio Revised Code § 3107.07(B)(2)(b) and/or (c) because [appellee] willfully abandoned and failed to care for and support the [child] and/or willfully abandoned and failed to care for and support the birthmother during her pregnancy and up to the time the child was placed in the home of the prospective adoptive parents.
The matter was heard by a magistrate on March 14, 2000. The potential adoptive parents were represented by counsel as were both appellee and the birth mother. The magistrate held that the potential adoptive parents "have failed to prove the elements of R.C. 3107.07(B) by clear and convincing evidence and therefore there [sic] motion to dispense with the consent of the [biological] father is denied." Appellants filed joint objections to the magistrate's decision with the trial court. They argued that as a matter of law, appellee's actions did not satisfy his duty to support the birth mother or the child. The trial court overruled the objections and affirmed the magistrate's decision, finding that appellee's consent was necessary for the adoption of the child to proceed. Appellants appeal this decision and present the following two assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT HELD THAT THE BIOLOGICAL FATHER OF THE ADOPTED INFANT HAD NOT WILLFULLY ABANDONED OR FAILED TO CARE FOR AND SUPPORT THAT CHILD, AND THEREFORE, HIS CONSENT TO THE ADOPTION WAS REQUIRED.
 II. THE TRIAL COURT ERRED WHEN IT HELD THAT THE BIOLOGICAL FATHER OF THE ADOPTED INFANT HAD NOT WILLFULLY ABANDONED THE MOTHER DURING HER PREGNANCY AND UP TO THE TIME OF HER SURRENDER OF THE MINOR, AND THEREFORE, HIS CONSENT TO THE ADOPTION WAS REQUIRED.
Appellants argue in their first assignment of error that the court erred when it found that appellee did not willfully abandon or fail to care for and support the child. Appellants claim that this finding is against the manifest weight of the evidence.
R.C. Chapter 3107 governs adoption proceedings in the state of Ohio. R.C. 3107.06 states that "a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following: * * * (C) The putative father of the minor." R.C. 3107.01(H) defines a putative father as:
 [A] man, including one under age eighteen, who may be a child's father and to whom all of the following apply:
 (1) He is not married to the child's mother at the time of the child's conception or birth;
(2) He has not adopted the child;
 (3) He has not been determined, prior to the date a petition to adopt the child is filed, to have a parent and child relationship with the child by a court proceeding pursuant to sections 3111.01 to 3111.19 of the Revised Code, a court proceeding in another state, an administrative agency proceeding pursuant to sections 3111.20 to 3111.29 of the Revised Code, or an administrative agency proceeding in another state;
 (4) He has not acknowledged paternity of the child pursuant to section 5101.314 of the Revised Code.
In the present case, the court found appellee to be the putative father of the child noting that the determination of paternity was established by the Pickaway County Child Enforcement Agency on April 18, 2000.
R.C. 3107.06 also states that consent of the putative father is required for the child to be adopted unless "consent is not required under [R.C.] 3107.07." R.C. 3107.07(B) states that consent to adoption by the putative father is not required for any of the following:
 (1) The putative father fails to register as the minor's putative father with the putative father registry established under section 3107.062 of the Revised Code not later than thirty days after the minor's birth;
 (2) The court finds, after proper service of notice and hearing, that any of the following are the case:
(a) The putative father is not the father of the minor;
 (b) The putative father has willfully abandoned or failed to care for and support the minor;
 (c) The putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first.
In the present case, appellee registered with the putative father registry on November 17, 1999, which was prior to the birth of the child. None of the parties dispute the fact that appellee is the biological father of the child. Therefore, in order for the child to be adopted without appellee's consent, it was necessary for the court to find that either: (1) appellee willfully abandoned or failed to care for and support the child, or (2) appellee willfully abandoned the birth mother during her pregnancy and up to the time of her surrender of the child.
A probate court's determination that the consent of a putative father is needed pursuant to R.C. Chapter 3107 will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In re Williams (June 4, 1998), Muskingum App. No. CT97-0038, unreported, following In re Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Williams, supra,
following C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 281.
We first note that appellants failed to file a transcript of the proceedings before the magistrate with the trial court and with this court. Civ.R. 53(E)(3)(b) states that:
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact * * * unless the party has objected to that finding * * * under this rule.
Therefore, "the appellate court must accept the magistrate's findings of fact as established and appellant may not attack those findings on appeal. * * * As a result, the appellate court's review is limited to * * * determin[ing] if the trial court abused its discretion in applying the applicable law to the magistrate's findings of fact." Jones v.Davenport (Jan. 26, 2001), Montgomery App. No. 18162, unreported.
The magistrate's decision states that appellee made attempts to support the child and that he paid the birth mother $200 to "use during the pregnancy." The decision also states appellee "testified, as verified by other witnesses and a letter from Pickaway County Child Support Enforcement, that he attempted to pay support through Pickaway County Child Support Enforcement who refused the support until a parentage adjudication had been completed." The decision further states that appellee "testified he attempted to pay support on at least two occasions through Pickaway County Child Support Enforcement."
We find this evidence is sufficient competent, credible evidence to support the trial court's finding that appellee did not willfully abandon the child and also that the court's finding is not against the manifest weight of the evidence. The magistrate had the ability to weigh the conflicting evidence presented by the parties and determine whether the evidence proved that appellee willfully abandoned the child. The magistrate chose to believe appellee's version of the events. We note that when determining credibility, the magistrate had the benefit of seeing and hearing the witnesses testify while this court does not have the benefit of even a transcript to review. Accordingly, appellants' first assignment of error is overruled.
Appellants argue in their second assignment of error that the trial court erred when it held that appellee did not willfully abandon the birth mother during her pregnancy and up to the time she surrendered the child to Catholic Social Services. Appellants claim the trial court's finding was against the manifest weight of the evidence.
R.C. 3107.07(B)(2)(c) provides that consent of a putative father is not required if the "putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first." In the present case, the magistrate found that after the birth mother became pregnant, the child's maternal grandmother "forbad [the birth mother] from seeing [appellee], forbad [appellee] from entering the house, and threatened him with criminal charges of trespassing if he made attempts to visit [the birth mother]." The magistrate added that "[n]otwithstanding these prohibitions, [the birth mother and appellee] communicated by telephone and had some contact during the pregnancy." Appellee testified that he gave the birth mother $200 for her "use during the pregnancy although he also requested that some of the money be used for telephone cards to contact him in the military." The magistrate concluded that appellants failed to prove that appellee abandoned the birth mother "based upon the fact that [the potential adoptive parents] failed to prove by clear and convincing evidence that the $200.00 was not support for the child, [and] that [appellee] had not abandoned the mother as indicated by the visits, telephone conversations and continual sexual relations after the child was born."
After having reviewed the complete record, we find that competent, credible evidence supports the trial court's finding that appellee did not willfully abandon the birth mother pursuant to R.C. 3107.07(B)(2)(c). The fact that appellee had limited contact with the birth mother because of the actions of the maternal grandmother, supports a finding that any abandonment by appellee was not willful. Additionally, we again note that our review is hampered by the fact that no transcript was filed. Therefore, we defer to the findings of fact of the magistrate and hold that the trial court did not abuse its discretion in applying the applicable law to the magistrate's findings of fact. Appellants' second assignment of error is overruled.
Accordingly, we find that the trial court did not err when it concluded that the child cannot be adopted without appellee's consent. Appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
 __________ BROWN, J.
TYACK and LAZARUS, JJ., concur.
[1] The trial court sealed the trial record. On October 25, 2000, our court sua sponte sealed the appellate record pursuant to R.C. 3107.17.