JOURNAL ENTRY and OPINION
 I. {¶ 1} Defendant-appellant James T. Hauff ("Hauff") appeals the trial court's May 30, 2002 order, which found that plaintiff-appellee Jonathan Paul Seaman ("Seaman") did not need the consent of Hauff to adopt Hauff's daughter Heidi because Hauff had failed to provide support during the year preceding Seaman's January 22, 2002 petition to adopt ("petition"). Seaman had married Hauff's former wife Laura and seeks to adopt Heidi who was born three years before Hauff and Laura were divorced. Laura was named residential parent. Seaman eventually filed his petition for step-parent adoption to which Hauff objected. Seaman argues that Hauff's consent to the adoption is not required because Hauff has failed without justifiable cause to support his daughter. Hauff counters that he had in fact overpaid his child support obligation and that his consent is therefore required before Seaman is allowed to adopt Heidi. Because Seaman has not shown by clear and convincing evidence that Hauff failed to provide for Heidi, we reverse.
 II. {¶ 2} As Hauff points out, this is the third appeal relating to the proposed step-parent adoption of Heidi by Seaman. On February 16, 2000, Hauff filed an objection to Seaman's December 22, 1999 petition for step-parent adoption. In his petition, Seaman argued that Hauff's consent to the adoption was not required because, pursuant to R.C. 3107.07(A), Hauff had did not communicate with or support Heidi within the year immediately preceding the filing of Seaman's petition.[1] After a hearing, the probate court agreed with Seaman and on May 3, 2000 found that Hauff's consent was not required.
 {¶ 3} Hauff successfully appealed this order (number 78093). This court held that Seaman failed to show that Hauff did not support or communicate with his daughter without justifiable cause. This court reversed and remanded the matter. In re: Seaman (Feb. 1, 2001), Cuyahoga App. No. 78093 ("Seaman I").
 {¶ 4} On remand, the trial court issued a new order on June 5, 2001, finding that Seaman had proven that Hauff had failed without justifiable cause to communicate with Heidi. On June 5, 2001, Hauff appealed again (number 79903). In again reversing the probate court, this court held:
 {¶ 5} "This court's directive on remand was to conduct proceedings consistent with Seaman I, which from the context of the opinion could only mean that appellant's consent was necessary in order to proceed with the adoption petition. We are unable to fathom how the probate court could interpret this directive in any other manner. The probate court had no discretion to disregard a mandate of this court and was not free to render yet another opinion on an issue that this court had already decided. [Citation omitted.] Consequently, the probate court erred when it found that appellant's consent was unnecessary as this issue had previously been decided in Seaman I. * * * The judgment of the probate court is reversed and remanded. The trial court is hereby instructed that, consistent with this opinion and Seaman I, appellant's consent is necessary in order for the adoption petition to proceed. See R.C. 3107.06(B). If that consent is not forthcoming, then the petition for adoption must be dismissed pursuant to R.C. 3107.14(D)." In re: Adoption of Heidi E. Seaman (Dec. 20, 2001), Cuyahoga App. No. 79903 ("Seaman II").[2]
 {¶ 6} On January 22, 2002, the probate court granted Seaman's motion to voluntarily dismiss his petition to step-adopt Heidi. Also on that day, Seaman filed a second petition for step-parent adoption. In this second petition, Seaman argued that Hauff failed without justifiable cause to support Heidi during the year immediately preceding this second petition (i.e., January 22, 2001 through January 22, 2002). The probate court held a hearing and found that Hauff had failed without justifiable cause to support Heidi during the relevant time period and that therefore Hauff's consent to Seaman's adopting Heidi was not required.
 {¶ 7} Hauff now brings the following assignment of error for this court's review:
 {¶ 8} "The trial court erred in finding that Mr. Hauff failed without justifiable cause to support his daughter within the year immediately preceding the step-parent adoption proceeding where the undisputed evidence indicated that he had overpaid his child support obligation for that time period."
 III. A. {¶ 9} "The question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." In re Adoption of Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus. "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. [Citation omitted.] The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 368. As will be explained below, we hold that the probate court's determination was not supported by clear and convincing evidence and we therefore reverse.
 B. {¶ 10} Hauff admits that he made no payments during the relevant time period, but that he had not failed in support because he had overpaid during that time. In other words, because he had overpaid before the year ending January 22, 2002, he owed no payments during the relevant time. The computations are as follows.
 {¶ 11} As part of the divorce decree, Hauff was ordered to pay $50 a month. Therefore, between November 22, 1995 (the effective date of divorce) and January 22, 2002 (the date of Seaman's petition), Hauff owed a total of $3,700 ($50/month x 74 months). Joint exhibit number 2, offered into evidence at the hearing, shows that payments to Laura (the custodial parent) during the relevant time equaled $4,362.26. Two of these payments were tax payments intercepted by the Child Support Enforcement Agency ("CSEA"). In other words, the total amount of support provided during the relevant time period was greater than the amount owed.
 {¶ 12} Seaman argues that, since Hauff testified that he did not know that he had overpaid and that he did not know his status when he made a large payment on January 28, 2002 (which would be too late to count for the year preceding January 22, 2002), he has not shown justifiable cause for nonpayment during the preceding year. The fact of the matter, however, is that joint exhibit number 2 shows that Hauff was current with his support payments. The trial court mistakenly asserts that Hauff was required to make actual payments during the one year period at issue. The statute does not require this. The statute requires Seaman to show that Hauff had failed "without justifiable cause" to "provide for the maintenance and support of the minor" during the preceding year. R.C. 3701.07. It does not require payment during the calender year; it requires that Hauff "provide support" during the preceding year. Hauff did provide such support. Hauff had in fact provided the required support before the year in question. That he made no payments during the year itself does not mean that he did not provide support during that year. He had paid in advance.
 {¶ 13} Further, that the payment was made via the interception of tax payments of the CSEA does not diminish Hauff's support. See Seaman I. Therefore, the trial court's "edict" that "a non-voluntary support payment is insufficient to satisfy a support obligation" is contrary to law. Furthermore, the court's conclusion that Hauff was in arrears when CSEA intercepted the tax returns in 2000 is totally irrelevant.[3] The relevant time frame for this petition is the year ending January 22, 2002. Whether Hauff was in arrears in 2000 has absolutely no bearing on whether he had provided support during the year January 22, 2001 to January 22, 2002.
 {¶ 14} The trial court's reference to a CSEA report that shows Hauff in arrears as of December 21, 2001 is curious for two reasons. One, the report was not offered as an exhibit at the hearing. Two, it contradicts the CSEA reports that show Hauff was ahead in his payments. Also, the trial court makes mention of Hauff's payment of $874 made January 28, 2002. All parties agree that this payment falls outside of the relevant support period. The court implies that this payment shows that Hauff must have been in arrears. Hauff testified, however, that he sent that money in to get ahead in payments.
 {¶ 15} In any event, Seaman has not proved by clear and convincing evidence that Hauff had failed to provide support for Heidi during the relevant time period. Joint exhibits offered at the hearing show that Hauff made payments totaling $4,362.26 as of January 22, 2002. He owed only $3,700 over that period. Therefore, his account was current as of the date Seaman filed his petition. Further, Hauff's last payments were made in September, 2000, which means that his account was current (actually ahead) from September, 2000 until Seaman filed his complaint in January, 2002.
 III. {¶ 16} In conclusion, we hold that the probate court's determination was not supported by clear and convincing evidence. The trial court's order is hereby reversed and Seaman's petition for the step-parent adoption of Heidi is hereby dismissed.
This cause is reversed and dismissed for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 3107.07(A) states:
 "Consent to adoption is not required of any of the following:
 "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
[2] R.C. 3107.14(D) states: "If the requirements for a decree under division (C) of this section have not been satisfied [i.e., no consent was given] * * * the court shall dismiss the petition and may determine the agency or person to have temporary or permanent custody of the person, which may include the agency or person that had custody prior to the filing of the petition or the petitioner, if the court finds it is in the best interest of the person as supported by the evidence, or if the person is a minor, the court may certify the case to the juvenile court of the county where the minor is then residing for appropriate action and disposition."
[3] Inasmuch as the issue is not before this court, we make no comment on whether Hauff was in arrears in 2000 as the trial court avers.