OPINION
{¶ 1} Appellant, James Edward Stojkov, appeals from the September 26, 2002 judgment entry of the Trumbull County Court of Common Pleas, Probate Division ("the probate court").
 {¶ 2} Alexander Lawrence Stojkov ("Alexander") and Adam Russell Stojkov ("Adam") were the issue of the marriage of appellee, Richard L. Earnhardt, and Candace Stojkov ("Candace"). Appellee and Candace were divorced in February or March 2000. On May 19, 2000, appellee was ordered to pay child support, retroactive to March 1, 2000, but the Trumbull County Court of Common Pleas, Domestic Relations Division, never calculated the monthly payment. In its September 26, 2002 judgment entry, the probate court found that neither appellee nor Candace aggressively pursued a determination of the amount to be paid.
 {¶ 3} On August 21, 2001, appellant, Candace's current husband and the step-father of Alexander and Adam, filed petitions to adopt Alexander and Adam. Appellee filed objections to the petitions on September 20, 2001. The probate court dismissed the petitions for lack of jurisdiction in judgment entries filed on September 21, 2001. Appellant filed notices of appeal of the dismissals on October 17, 2001. In In re Stojkov (Feb. 14, 2002), 11th Dist. Nos. 2001-T-0114 and 2001-T-0115, 2002 WL 234281, this court reversed the probate court's judgment entry and remanded the matter for further proceedings.
 {¶ 4} A hearing was held on appellant's petitions on September 20, 2002. After hearing testimony from Candace, appellee, appellant, and the guardian ad litem, Elise Burkey, the trial court determined that the consent of appellee, the natural father of Alexander and Adam, was required before the adoptions could proceed.
 {¶ 5} Appellant has filed a timely notice of appeal from the probate court's September 26, 2002 judgment entry and makes the following two assignments of error:
 {¶ 6} "[1.] The [probate] [c]ourt erred in its decision in finding that [appellee's] consent was necessary based upon the single payment of [$300].
 {¶ 7} "[2.] The [probate] [c]ourt erred in its decision in finding that [appellee] had provided support through the establishment of insurance for the children."
 {¶ 8} Because both of appellant's assignments of error pertain to the issue of whether appellee failed without justifiable cause to provide for the maintenance and support of Adam and Alexander in the year immediately preceding the filing of the adoption petitions, we will treat the assignments of error in a consolidated fashion.
 {¶ 9} R.C. 3107.07(A) provides that consent to adoption is not required of a "parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 10} Appellant had the burden of proving by clear and convincing evidence that appellee, without justifiable cause, failed to support Adam and Alexander for one-year period prior to the filing of the adoption petitions. In re Masa (1986), 23 Ohio St.3d 163, paragraph one of the syllabus. The probate court's determination that appellant failed to meet this burden will not be disturbed on appeal unless it is against the manifest weight of the evidence. Id. at paragraph two of the syllabus.
 {¶ 11} As was previously noted, appellant filed his adoption petitions on August 21, 2001. On February 13, 2001, six months prior to the filing of the adoption petitions, appellee's attorney had sent Candace's attorney a check for $300 on appellee's behalf. Appellee had also provided Adam and Alexander with medical cards from Highmark Blue Cross Blue Shield. These cards had been forwarded to Candace via Solace Center. The check and the medical cards were returned to appellee by Candace's attorney in a letter dated February 26, 2001. The letter stated:
 {¶ 12} "Please be advised that I have been instructed by [Candace] to return your check number 1452 in the amount of $300.00 for [Candace] is refusing any direct payments from [appellee] as the same can be construed as a gift.
 {¶ 13} "Additionally, enclosed herewith please find medical cards that were forwarded by the Solace Center to [Candace] for which Candace denies acceptance of the same being that she has insurance currently in effect for the benefit of [Adam and Alexander]."
 {¶ 14} Appellant also testified that when Adam and Alexander had visited appellee at appellee's parents' home, appellee had attempted to give the children gifts, but appellant had refused to permit the children to take the gifts home.
 {¶ 15} In sum, appellee attempted to give gifts to his children, to provide them with medical coverage, and to make a payment toward their living expenses. However, Candace and appellant rejected all of these efforts; therefore, we cannot conclude that the probate court's determination that appellee had justifiable cause in failing to support the children was against the manifest weight of the evidence.
 {¶ 16} For decades, trial and appellate courts in Ohio have wrestled with the issue of whether the amount of support payment and other items submitted or proffered by a natural parent satisfy the statutory requirement of "[providing] for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding *** the filing of the adoption petition." At times, as here, this issue is closely intertwined with the justifiable cause factor. We would note that, typically, a natural parent need not meet his child support obligations in full in order to retain the right to consent to his child's adoption. In re Adoption of Hale (July 22, 1988), 11th Dist. No. 12-238, 1988 WL 76765. In the instant case, we can only speculate as to what support appellee would have provided if Candace had accepted the funds, medical cards, and gifts proffered by appellee. Again, because of the underlying facts contained in the record, we are unable to hold that the trial court lost its way even though, in isolation, appellee's efforts in terms of child support would appear to be significantly inadequate.
 {¶ 17} We would also observe that our ruling is not predicated on the failure of the Trumbull County Domestic Relations Court to determine appellee's monthly child support obligation and is not intended to suggest that a failure on the part of the domestic relations court to make such a determination in any way relieves a parent of his or her obligation to provide maintenance and support for his or her child. In this case, in spite of the lack of a determination of a monthly support amount, appellee attempted to provide maintenance and support for his children.
 {¶ 18} For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Trumbull County Common Pleas Court, Probate Division, is affirmed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.