OPINION
{¶ 1} This is an appeal from the Tuscarawas County Common Pleas Court, Probate Division, granting the Petition for Adoption of Jada Leigh Harris, (D.O.B. October 25, 1999) filed by her step-father Raleigh Allen Weston.
 {¶ 2} The Appellant in this matter is Rodney Jerome Harris, the biological father of Jada.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On July 15, 2002, Raleigh Allen Weston, the step-father of Jada and husband of Jada's mother Angela Weston, filed a Petition for Adoption of Jada Leigh Harris. Angela Weston and Raleigh Weston were married on July 16, 2001.
 {¶ 7} Jada's biological father is Appellant Rodney Jerome Harris. Appellant and Angela Weston were never married.
 {¶ 8} Jada was conceived while Angela Weston was married to but separated from Matthew Meese.
 {¶ 9} At that time Angela Weston, Matthew Meese and Appellant were all members of the armed forces.
 {¶ 10} During Angela Weston's eighth month of pregnancy, she was assaulted by Appellant. She also later discovered that she contracted a sexually transmitted disease from Appellant.
 {¶ 11} Appellant never saw his daughter prior to the filing of the Petition for Adoption and has only seen her one time since such filing.
 {¶ 12} The trial court continued the hearing in this matter numerous times in an attempt to accommodate Appellant, who is still serving in the U.S. Air Force, in accordance with the Soldiers and Sailors Act.
 {¶ 13} Ultimately, Appellant asked that the matter be set for evidentiary hearing on the issue of whether the consent of Appellant was necessary in order to proceed with adoption and submitted an Affidavit to be used in lieu of his live testimony.
 {¶ 14} On August 7, 2003, the trial court conducted the evidentiary hearing and followinfg the presentation of evidence, found that Appellant's consent was not necessary. The Court then proceeded, with consent of counsel, to hear evidence to determine whether the adoption was in the best interest of the child.
 {¶ 15} On August 11, 2003, a Motion to Supplement the record and a request for Findings of Fact and Conclusions of Law was filed.
 {¶ 16} On August 12, 2003, the trial court filed a Judgment Entry containing Findings of Fact and Conclusions of Law.
 {¶ 17} It is from this decision that Appellant now appeals.
 {¶ 18} Appellant has failed to clearly delineate his assignments of error, however in the interests of justice we believe them to be as follows:
 ASSIGNMENTS OF ERROR {¶ 19} "I. The trial court failed to make sufficient findings of fact as to the basis for aiding the adoption for failure to communicate."
 {¶ 20} "II. The trial court erred in finding by clear and convincing evidence that appellant did not have justifiable cause for the failure of communication with Jada Leigh Harris."
 I., II. {¶ 21} In each of his assignments of error, Appellant is arguing that the trial court erred in finding that he failed to communicate with Jada Leigh Harris without justifiable cause. We disagree.
 {¶ 22} In the case sub judice, the trial court found that the consent of Appellant was not required since he had failed without justifiable cause to communicate with the minor child for a period of at least one year immediately preceding the filing of the adoption petition.
 {¶ 23} R.C. § 3107.07 reads in pertinent part as follows: Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. * * *
 {¶ 24} Pursuant to R.C. § 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both that the natural parent has failed to communicate with the child for the requisite one year period and that this failure was without justifiable cause. In Re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus.
 {¶ 25} A probate court's determination under R.C. § 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In Re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph two of the syllabus; Bovett at paragraph four of the syllabus. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 281.
 {¶ 26} Upon review, we find that Appellant did not attempt to establish a relationship with his daughter even when prompted to do so by the child's mother. Appellant, even though he is in the Air Force, had numerous opportunities visit his daughter or at the least communicate with her by telephone or mail.
 {¶ 27} Accordingly, we find that the evidence presented in the adoption proceeding supported the trial court's Findings of Fact and Conclusions of Law finding that natural father failed to communicate with daughter without justifiable cause for one year prior to stepfather's petition for adoption, and thus natural father's consent for adoption was not required.
 {¶ 28} Appellant's first and second assignments of error are overruled.
 {¶ 29} The decision of the Tuscarawas County Probate Court is affirmed.
Boggins, J., Gwin, P.J. and Hoffman, J. concur.