OPINION *Page 2 
{¶ 1} On November 21, 2006, appellant, Nicole Lee Kelley, filed a petition for adoption of Joseph Alan Kelley, her stepson. Appellant has been married to Joseph's biological father, Jason Kelley, since May 3, 2003. Mr. Kelley has had legal custody of Joseph since May 13, 2005. Joseph's biological mother is appellee, Shawna Bocook.
 {¶ 2} A hearing was held on May 7, 2007. Appellee did not appear. By judgment entry filed May 24, 2007, the trial court found consent of the biological mother was required.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN FINDING THAT THE CONSENT OF APPELLEE WAS NECESSARY FOR THE PETITION OF ADOPTION TO BE APPROVED."
 I {¶ 5} Appellant claims the trial court erred in determining the consent of the biological mother was required for the adoption to be approved. We disagree.
 {¶ 6} R.C. 3107.07 governs when consent to adoption is not required. Subsection (A) states consent is not required when:
 {¶ 7} "A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one *Page 3 
year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 8} "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." In re Adoptionof Holcomb (1985), 18 Ohio St.3d 361, paragraph four of the syllabus. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} An appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence.In re Adoption of Masa (1986), 23 Ohio St.3d 163. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. CE. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610,1993-Ohio-9.
 {¶ 10} The record indicates on January 1, 2006, at least two fifteen minute telephone calls were made from appellee's father-in-law's home to the child's residence. T. at 3-6. Mr. Kelley admitted they were home during the time of the telephone calls, *Page 4 
but he had no recollection of them. T. at 4, 7. Mr. Kelley theorized the fifteen minutes could have been voicemails. T. at 4-5.
 {¶ 11} Appellee did not appear for the hearing, and never exercised her court ordered telephone contact or summer visitation, except for one telephone call after the filing of the adoption petition wherein appellee stated she would show up for a December 26, 2006 visit, but she failed to show. T. at 11-12.
 {¶ 12} Although the voicemails were never passed on to the child, they nonetheless establish an attempt at contact, albeit minimal. Because the permanent termination of parental rights has been described as "the family law equivalent of the death penalty in a criminal case," In reSmith (1991), 77 Ohio App.3d 1, 16, trial courts are reluctant to find an automatic relinquishment of parental rights. Trial courts have upheld the mere sending of a birthday card as enough to defeat R.C. 3107.07(A).In re Adoption of Hupp (1982), 9 Ohio App.3d 128; In re Christie (March 12, 1997), Wayne App. No. 96CA0049.
 {¶ 13} Upon review, we cannot find the trial court erred in determining the voicemails were sufficient to defeat R.C. 3107.07(A).
 {¶ 14} The sole assignment of error is denied. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed. *Page 1