DECISION AND JUDGMENT
{¶ 1} This is a pro se appeal from a judgment of the Fulton County Court of Common Pleas, Probate Division, which found that a tax intercept received by the father of minor child J. G. constituted "support" sufficient to require the consent of the child's natural mother before the court could proceed on appellant stepmother's petition for adoption. For the reasons that follow, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, L. G., is the stepmother of J. G. She is married to J. G.'s natural father, who has custody of the child. J. G.'s natural mother, appellee, is under a court order to pay child support. On August 29, 2007, appellant petitioned to adopt J. G. Instead of obtaining the consent of appellee, as generally required by R.C. 3107.06(B), appellant relied on R.C. 3107.07(A), and asserted that appellee had waived her right to withhold consent because of an unjustifiable failure to provide maintenance and support for the child for a period of one year prior to the filing of the adoption. Appellant argued that a $701 tax intercept received by J. G.'s father on July 17, 2008, did not constitute child support. The parties stipulated that appellee had not made any other support payments during the one-year period immediately preceding the date the petition to adopt was filed.
 {¶ 3} The matter came before the trial court on January 15, 2009, for consideration of the petition to adopt. In a judgment entry filed January 16, 2009, the trial court found that the tax intercept constituted child support and that appellee's consent was therefore required in order for appellant to adopt J. G. Having found that support was in fact paid, the trial court did not reach the issue of whether there was justifiable cause for appellee's failure to make any other child support payments to J. G.'s father. The trial court dismissed appellant's petition for adoption.
 {¶ 4} On appeal, appellant argues again that the $701 tax intercept did not constitute support sufficient to require appellee's consent to the adoption. Appellant also asserts that the funds were taken from appellee involuntarily and were released *Page 3 
prematurely by the Child Support Enforcement Agency just one month prior to the expiration of the one-year statutory period preceding the filing of the petition to adopt.
 {¶ 5} "Our analysis must begin with the recognition that the right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law. Adoption terminates those fundamental rights. For this reason, we have held that `* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.'" (Citations omitted.) In re Adoptionof Masa (1986), 23 Ohio St.3d 163, 165.
 {¶ 6} The finding of the probate court "will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." In re Adoption of Bovett (1987), 33 Ohio St.3d 102, 104, at paragraph four of the syllabus, following In re Adoption of Masa, supra, at paragraph two of the syllabus. A determination is not against the manifest weight of the evidence when it is supported by competent, credible evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279.
 {¶ 7} As stated by this court in In re Adoption of Kessler (1993), 87 Ohio App.3d 317, 322, "Ohio Courts and this court have repeatedly held that any contribution toward child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A)." (Citations omitted.) In Kessler, as in the case before us now, it was uncontested that the Child Support Enforcement Agency had received only one payment from the obligor parent in the year preceding the filing of the petition to adopt, and that payment was the result of a federal income tax refund intercept. Id. This court held in *Page 4 Kessler that the payment constituted support and that the father's consent was required. Kessler at 323.
 {¶ 8} Based on the foregoing, we find that appellee's federal income tax refund was paid to J. G.'s father as child support. This payment, made during the year immediately preceding the filing of the petition for adoption, constituted support and R.C. 3107.07(A) was therefore not triggered. Accordingly, appellant's arguments are not well-taken.
 {¶ 9} Upon consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Probate Division, is affirmed. Costs of this appeal are assessed to appellant pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J. concur. *Page 1