[Cite as *In re Adoption of L.M.C.*, 2023-Ohio-3119.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

IN THE MATTER OF:

THE ADOPTION OF L.M.C.

**CASE NO. 2023-P-0029**

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2022 AD 00066

# O P I N I O N

Decided: September 5, 2023
Judgment: Affirmed in part, reversed in part, and remanded

*Leslie S. Graske*, 120 East Mill Street, Suite 405, Akron, OH 44308 (For Appellee, David Michael Czerny).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Appellant, Jackson Allen Taylor).

JOHN J. EKLUND, P.J.

{¶1} Generally, a petition to adopt a minor child may only be granted if the natural mother and father of the child execute written consent or the probate court finds, pursuant to R.C. 3107.07(A), that consent is unnecessary. The case before us involves the latter. Appellee, David Czerny, filed a petition to adopt the minor child, L.M.C. (DOB 10-4-2015).

{¶2} Appellant, Jackson Taylor, objected to the adoption and the court referred the matter to the magistrate to hold a consent hearing. The magistrate's recommended decision found appellant's consent was not necessary. Appellant objected to the magistrate's recommendation. The trial court adopted the magistrate's recommendation

and determined appellant's consent was not necessary. The trial court found that appellant "failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition." The court therefore granted the adoption in favor of appellee. Appellant now appeals the judgment of the Portage County Court of Common Pleas, Probate Division, finding his consent to the adoption was not necessary.

{¶3} Appellant has raised three assignments of error, arguing: (1) the trial court erred by concluding appellant's consent to the adoption was not necessary pursuant to R.C. 3107.07(A); (2) the trial court violated appellant's due process rights by depriving him of the opportunity to be heard on whether the adoption was in L.M.C.'s best interests; and (3) the trial court failed to make findings of fact as to the best interest factors as required under R.C. 3107.161.

{¶4} Having reviewed the record and the applicable caselaw, appellant's first assignment of error does not have merit. The trial court did not abuse its discretion in determining that appellant did not have more than de minimis contact with L.M.C. in the year preceding the filing of the petition. Further, the trial court's determination that appellee proved by clear and convincing evidence that appellant did not have justifiable cause for his failure to have more than de minimis contact was not against the manifest weight of the evidence. We therefore affirm the trial court's order adopting the magistrate's recommendation on the adoption consent hearing.

{¶5} However, appellant's second and third assignments of error do have merit. The trial court held the final adoption hearing without properly providing notice to appellant as required under R.C. 3107.121. In addition, the trial court's Final Decree of Adoption

2

failed to sufficiently indicate that it had considered the best interest factors set forth in R.C. 3107.161(B).

{¶6} We therefore reverse the judgment of the Portage County Court of Common Pleas, Probate Division, and vacate the Final Decree of Adoption. This case is remanded for the trial court to provide appropriate notice to appellant pursuant to R.C. 3107.11. As this is a contested adoption, the trial court's judgment shall consider the factors set forth in R.C. 3107.161(B).

## Substantive and Procedural History

{¶7} Appellee filed a Petition for Adoption on November 21, 2022. The petition alleged that appellant had failed, without justifiable cause, to provide more than de minimis contact with L.M.C. for a period of at least one year immediately preceding the filing of the adoption petition.

{¶8} Appellant was served with the petition and filed an objection on January 27, 2023. The court appointed counsel for appellant. Appellant objected to the petition and the trial court referred the matter to the magistrate to hold a consent hearing.

{¶9} On March 21, 2023, the magistrate held a hearing on consent and issued a recommended decision finding appellant's consent was not required.

{¶10} On March 27, 2023, appellant filed an Objection to the Magistrate's Decision.

{¶11} On April 25, 2023, the trial court overruled appellant's objection and adopted the magistrate's recommended decision. The court noted "that no transcript of the hearing was provided as part of the objection." The court said that appellant had objected because appellee failed to prove by clear and convincing evidence that appellant "did not have a

3

justifiable cause for his failure to provide more than de minimis contact for a period of one year preceding the filing of the petition."

{¶12} In ruling, the trial court agreed with appellant's objection that the court investigator's recommendation to grant the petition was not a relevant factor to consider under R.C. 3107.07(A). Second, the trial court said appellant's 2018 move to West Virginia to assist his father during cancer treatment "did not prevent Respondent from contact with the child. Respondent's own testimony confirmed his last contact with the child was in December of 2017." Third, the trial court said that between 2017 and 2020 appellant's depression due to mother having custody of the child did not prevent him from establishing parenting time or having contact with the child. Finally, the trial court addressed appellant's claim that he tried to call L.M.C. while in prison from late 2020 to early 2021 but that mother blocked his calls. The court said "phones are not the only ways to communicate. Respondent failed to send a card, letter or note to the child in over four years." The trial court found each of the reasons appellant provided for why he had not made contact were "not persuasive."

{¶13} On May 5, 2023, the trial court held a final adoption hearing. On May 9, 2023, the trial court issued the Final Decree of Adoption.

{¶14} Appellant timely appealed raising three assignments of error.

**Standard of Review**

{¶15} "[T]he right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law." *In re Adoption of Lasky*, 11th Dist. Portage Nos. 2004-P-0087, et al., 2005-Ohio-1565, ¶ 17, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 165, 492 N.E.2d 140 (1986). "Since adoption terminates these fundamental

4

rights, '[a]ny exception to the requirement of parental consent to adoption must be strictly construed so as to protect the rights of natural parents to raise and nurture their children.'" *In re Schoeppner's Adoption*, 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976)*.* "'Severing the parent-child relationship has been described as the family-law equivalent of the "death penalty."'" *Matter of Adoption of R.R.L.,* 11th Dist. Trumbull No. 2021-T-0047, 2022-Ohio-1100, quoting *Matter of Adoption of J.F.R.-W.*, 7th Dist. Belmont No. 16 BE 0045, 2017-Ohio-1265, ¶ 13, citing *In Re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997).

{¶16} Generally, a petition to adopt a minor child may be granted only if written consent is executed by the mother and father of the child. Pursuant to R.C. 3107.07(A), consent to adoption by a parent of a minor child is not required when "it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶17} In applying R.C. 3107.07, the court engages in a two-step analysis. *In re M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23. First, the court must determine whether the natural parent failed to provide support or to have more than de minimis contact with the child, which findings "shall not be disturbed absent an abuse of discretion." *Adoption of J.P.E.*, 11th Dist. Trumbull Nos. 2016-T-0113 and 2016-T-0114, 2017-Ohio-1108, ¶ 13, citing *M.B.* at ¶ 21. Then, if the court finds a lack of support or failure to have more than de minimis contact, it must decide whether there was "justifiable

5

cause" for the failure, proven by clear and convincing evidence, a determination which "will not be disturbed on appeal unless it is against the manifest weight of the evidence." *Id.* at ¶ 14; *In re Bovett,* 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph four of the syllabus ("[t]he question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal" unless against the weight of the evidence).

{¶18} To determine whether the judgment is against the weight of the evidence, the reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *J.P.E.* at ¶ 15, citing *Eastley* at ¶ 21.

{¶19} When a party objecting to a magistrate's decision fails to provide the trial court with transcripts, evidence, and documents of the hearing for the trial court to make a finding independent of the decision, appellate review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). Further, "the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *Id.* "In other words, an appeal under these

6

circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id.*

## Assignments of Error and Analysis

**{¶20}** Appellant's first assignment of error states:

**{¶21}** "[1.] THE PROBATE COURT ERRED TO THE PREJUDICE OF THE FATHER BY FINDING THAT HIS CONSENT WAS NOT NECESSARY PURSUANT TO OHIO REVISED CODE SECTION 3107.07(A); THE PETITIONER FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE FATHER DID NOT HAVE A JUSTIFIABLE CAUSE FOR HIS LACK OF CONTACT."

**{¶22}** In his first assignment of error, appellant argues appellee failed to prove by clear and convincing evidence that appellant did not have a justifiable cause for his lack of contact. Specifically, appellant argues that mother blocked his calls or failed to answer when he did attempt to make contact. He believes it was error for the court to conclude that appellant had other means of contacting the minor child at his disposal, such as sending a card or a letter. He believes his incarceration restricted his ability to communicate with the outside world and that if mother was able to block or ignore his phone calls attempting to contact L.M.C., then mother could have similarly withheld cards or letters from the child.

**{¶23}** Appellant cites *R.R.L.,* 2022-Ohio-1100 where we found the weight of the evidence supported the trial court's finding that the lack of contact was justifiable due to [mother's] interference." *Id.* at ¶ 27.

**{¶24}** Appellant's arguments concede that he did not have more than de minimis contact with L.M.C. However, he argues that there was a justifiable cause for the failure

7

because mother interfered with communication and visitation prior to the one year look back period.

{¶25} The Ohio Supreme Court has held that "[n]o burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable. The statute is not framed in terms of avoidance, but is drafted to require petitioner to establish each of the allegations, including failure of communication and lack of justifiable cause." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). "Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to [provide more than de minimis contact or] support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph two of the syllabus; *In re M.E.M.*, 11th Dist. Lake No. 2010-L-020, 2010-Ohio-4430, ¶ 23.

{¶26} "Lest one may think we are placing an unfair burden on the adopting parent, it should be pointed out that the adopting parent has no legal duty to prove a negative. If the natural parent does not appear to go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard." *In re Adoption of Masa,* 23 Ohio St.3d 163, 167, 492 N.E.2d 140 (1986). "Because the burden of proof ultimately remains with the adoption petitioner, once a natural parent has 'presented facially justifiable reasons' for his or her failure to support the child, the burden shifts back to the petitioner to show that the natural parent's justifications are illusory." *In re Adoption of B.B.S.*, 2016-Ohio-3515, 70 N.E.3d 1, ¶ 22

8

(4th Dist.), citing *In re Adoption of Kessler*, 87 Ohio App.3d 317, 324, 622 N.E.2d 354 (6th Dist.1993); *J.P.E.*, 11th Dist. 2017-Ohio-1108 at ¶ 12. Appellant's objections to the magistrate's recommended decision listed several arguments attempting to establish facially justifiable cause for the lack of contact. The trial court reviewed those objections without the benefit of a transcript, thus significantly limiting the scope of the court's review. The trial court found each of the reasons appellant cited as justifiable cause for his more than four-year lack of contact were "not persuasive." We see no reason to disturb this finding.

{¶27} The last time he attempted to make contact with L.M.C was in "late 2020/early 2021" and the last time appellant had seen L.M.C. was in 2017. The relevant period in question for this adoption petition was from November 21, 2021, to November 20, 2022. Appellant did not attempt to contact L.M.C. during that period. The trial court's application of the law to its factual findings does not constitute an abuse of discretion under these circumstances. *See State ex rel. Duncan*, 73 Ohio St.3d at 730, 654 N.E.2d 1254. We cannot say the trial court did not exercise sound, reasonable decision making, when it concluded appellee had proved, by clear and convincing evidence, that appellant did not have justifiable cause for his failure to have more than de minimis contact in the year preceding the filing of the petition. This is particularly true as the trial court did not have a transcript of the consent hearing to review in adopting the magistrate's recommendation.

{¶28} Accordingly, appellant's first assignment of error is without merit.

{¶29} Appellant's second assignment of error states:

9

**{¶30}** "[2.] THE PROBATE COURT VIOLATED THE FATHER'S DUE PROCESS RIGHTS BY DEPRIVING HIM OF THE OPPORTUNITY TO BE HEARD ON WHETHER ADOPTION WAS IN THE CHILD'S BEST INTERESTS."

**{¶31}** Appellant states that the probate court failed to notify him of the May 5, 2023 final adoption hearing in violation of R.C. 3107.11(A). Appellant argues the trial court erred by depriving him of his right to be heard on whether the adoption was in L.M.C.'s best interest.

**{¶32}** R.C. 3107.11(A) provides:

(A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:

* * *

(2) A person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented [.]

**{¶33}** This is a contested adoption and the court is required to provide at least 20 days' notice to a person whose consent is not required under R.C. 3107.07. *See In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209, 515 N.E.2d 622 (3rd Dist.1986) ("until the hearing on the merits of the petition and the best interest of the minor child has been determined the natural parent not only retains parental rights and responsibilities but retains an overriding interest in being heard relevantly on the issue of whether the proposed adoption would be in the best interest of the child."); *Adoption of Wagner*, 11th Dist. Ashtabula No. 97-A-0010, 1997 WL 817835, *7 (Dec. 31, 1997). In this case, the court found appellant was a person whose consent was not required, however, the court

10

did not give him notice of the May 5 hearing to address whether the adoption was in L.M.C.'s best interest. Appellee has acknowledged that appellant did not receive notice of the hearing and concedes error under this assignment.

**{¶34}** Accordingly, appellant's second assignment of error has merit.

**{¶35}** Appellant's third assignment of error states:

**{¶36}** "[3.] THE PROBATE COURT FAILED TO MAKE FINDINGS OF FACT AS TO THE BEST INTEREST FACTORS IN OHIO REVISED CODE SECTION 3107.161, KNOWING THIS WAS A CONTESTED ADOPTION."

**{¶37}** A trial court must consider the factors set forth in R.C. 3107.161(B) when making a determination in a contested adoption. *In re Adoption of Haylett*, 11th Dist. Portage No. 2003-P-0093, 2004-Ohio-2306, ¶ 42; *In the Matter of: D.M.B-M & D.L.B-M*, 5th Dist. Licking No. 2023 CA 00014, 2023-Ohio-2560, ¶ 18.

**{¶38}** R.C 3107.161(B) provides a nonexclusive list of eleven factors to consider in determining the best interest of the child. *Id.* The trial court is not required to list each factor; however, the court "must sufficiently indicate that it considered the requisite factors so a reviewing court can conduct a meaningful review of the substance of the court's decision." *Id.* at ¶ 43. A failure to do so warrants reversal for the trial court to state the basis for its decision. *Id.* at ¶ 44.

**{¶39}** The trial court's Final Decree of Adoption made no reference to R.C. 3107.161(B) or the factors contained therein.

**{¶40}** Accordingly, appellant's third assignment of error has merit.

**{¶41}** For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Probate Division, is affirmed as to its judgment on the consent hearing.

Case No. 2023-P-0029

{¶42} In conducting further proceedings, "the trial court is required to start anew at the point in the prior proceedings where the first error occurred." *In re Salsgiver*, 11th Dist. Geauga No. 2002-G-2477, 2003-Ohio-1206, ¶ 20. Here, the first point of error was in failing to provide appellant with the required notice of the final adoption hearing. Therefore, the matter is reversed, and the trial court's Final Decree of Adoption is vacated. This matter is remanded for the trial court to provide appropriate notice to appellant and to hold a new final adoption hearing. As this is a contested adoption, the trial court's judgment shall consider the factors set forth in R.C. 3107.161(B).

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.